HATCH <em>against</em> COBB.

On a contract, between the plaintiff and defendant, for the sale of land, the payment of the purchase money, by the plaintiff, was made a condition precedent to the conveyance ; and after a default, the defendant accepted part of the purchase money, but the plaintiff, though repeatedly called on, refused to complete the payment. The defendant, after giving notice of his intention to do so, sold, and conveyed the land to another : and the plaintiff, afterwards, tendered the money due on the contract, and filed a bill for its specific performance : *held*, that a specific performance could not be decreed ; nor could the bill be sustained for a compensation in damages.

This Court does not, unless in some very special case, sustain a bill for damages on a breach of contract.

*It seems*, that even if the defendant had not sold the land to another, before the plaintiff filed his bill, he would not, after such default and delay, on his part, have been entitled to a specific performance, as no accident, mistake, or fraud, had intervened to prevent the performance on his part.

BILL for a specific performance of a contract, on the part of the defendant, to sell land to the plaintiff.

<span style="float:right">*August 19th.*</span>

It appeared, from the pleadings and proofs, that the plaintiff had made default in the payments which, by the contract, were made a condition precedent to the conveyance. That

the defendant had accepted one small payment, subsequent to such default, but, that about six months thereafter, the defendant repeatedly called for payment, and gave notice, that if the plaintiff did not pay him, he should be obliged to part with his interest in the land agreed to be conveyed. No payment being made, he assigned over his right to a third person; and the plaintiff, with the knowledge of that fact, made a tender of the balance due on the contract, and filed his bill for a specific performance of the contract, or for a compensation, in damages, for the payments he had already made, and the improvements he had made upon the land. The plaintiff, subsequent to his default in payment, had confessed a judgment to a third person, for 1,000 dollars, to cover his property.

*Howell*, for the plaintiff.

*J. C. Spencer*, contra.

THE CHANCELLOR. A specific performance cannot be decreed. The defendant had fairly disabled himself before the suit was brought, and this was known to the plaintiff. He was not bound to wait any longer upon the plaintiff, but had a clear right to exact immediate payment, or else to part with his interest in the land to another; in order to meet his own convenience or necessities. It is doubtful how far the Court has jurisdiction to assess damages, merely in such a case, in which the plaintiff was aware, when he filed his bill, that the contract could not be specifically performed or decreed. It is properly a matter of legal cognizance. The case of *Denton* v. *Stewart*, (1 *Cox*, 258.) was hesitatingly followed by Sir *Wm. Grant*, in *Grenaway* v. *Adams*, (12 *Vesey*, 395.) but it has been much questioned by Lord *Eldon*, in *Todd* v. *Gee*; (17 *Vesey*, 273.) and though equity, in very special cases, may possibly sustain a bill for damages, on a breach of contract, it is clearly not the ordinary

jurisdiction of the Court. In *Phillips* v. *Thompson*, (1 *Johns. Ch. Rep.* 131.) the bill was retained in order to afford a compensation, in damages, under a feigned issue, but that case was under peculiar circumstances. The bill was filed for discovery and for specific performance, and the plaintiff made out a case of very clear equity to relief, and the remedy was precarious at law.

1820.

HATCH
v.
COBB.

If the defendant had not parted with his interest before the filing of the bill, it might, even then, have been a point deserving of consideration, whether the plaintiff was entitled to assistance, when no accident, mistake, or fraud, had intervened, to prevent the performance of the contract, on his part, and when after indulgence, and after considerable subsequent delay, he had twice been required to make payment, and had omitted to do it. The acquiescence in his default, or the waiver of it, by the defendant, had terminated before the assignment, by these calls for payment, and the doctrine in *Benedict* v. *Lynch*, (1 *Johns. Ch. Rep.* 370.) would seem to apply.

But it is not intended to prejudice any claim the plaintiff may have under his contract, at law, for damages. (*a*)

Bill dismissed without costs.

(*a*) *Vide Ballard* v. *Walker*, (3 *Johns. Cas.* 60.) where the vendee suffered four years to elapse, before he offered to fulfil the agreement, on his part, and in the meantime, the vendor had sold the land to another; the Supreme Court considered the contract of sale as rescinded or abandoned; and in an action brought by the vendee, to recover damages for the non-performance, gave judgment for the defendant. *Orby* v. *Trigg*, 9 *Mod.* 2.