### KEMPSHALL *against* STONE.

This Court does not, unless in a very special case, sustain a bill, merely for the assessment of damages for the breach of an agreement.

The defendant, who had entered into articles of agreement with the plaintiff, for the sale and conveyance of a lot of land, after the time of performance had elapsed, sold and conveyed the land to a third person, for a valuable consideration, without notice of the agreement, and before the filing of a bill by the plaintiff, for a specific performance of it: *Held*, that a specific performance could not be decreed; and that the plaintiff must seek his remedy at law, for a compensation in damages, for the breach of the agreement.

THE bill stated that the defendant, being seized of a lot of *April* 14th. land and mill seat, the plaintiff, in *January*, 1815, entered into articles of agreement with him for the purchase thereof; and the defendant, in consideration of five hundred dollars, covenanted to convey in fee, to the plaintiff, on the 1st of *May*, 1816, the lot of land, &c. (describing it by metes and bounds) to cut a canal, &c., and make a road, &c. The canal to conduct the water from the river to the mill was to be completed by the 1st of *August*, 1815. That the plaintiff, on his part, agreed to pay the defendant the five hundred dollars, as follows: fifty dollars at the date of the agreement, two hundred dollars on the the 1st of *May*, 1815, and two hundred and fifty dollars on the 1st of *May*, 1816, with interest; and the parties bound themselves to each other, for the due performance of the agreement, in one thousand dollars, &c. The bill further stated, that the plaintiff paid the two first instalments, which were endorsed on the agreement. That the defendant, between the 1st and 10th of *May*, 1816, verbally agreed to extend the time of payment of the last instalment; and the plaintiff understood that it was to be delayed, until the canal was com-

pleted, which was essential to his enjoyment of the mill seat : but which was not commenced, until the summer of 1817, and was completed in *September*, of that year. That on the 11th of *September*, a few days before the completion of the canal, the plaintiff tendered to the defendant the 250 dollars, with interest, being the balance due on the agreement, and demanded a deed ; but the defendant refused to give a deed or to pay the plaintiff the damages he had sustained, or to refund the money he had received of the plaintiff. The plaintiff *prayed* for a specific performance of the agreement, on the part of the defendant, by the delivery of a deed and possession, and for general relief, &c.

The defendant, in his answer, denied that he ever agreed to extend the time of payment of the third instalment. He stated, that when the plaintiff made the tender, in *September*, 1817, he informed him, that he considered the contract as vacated by the non-payment, and had sold the land to other persons. That the plaintiff, at various times, subsequent to the 1st of *May*, 1816, applied to the defendant, to refund the money he had paid, alleging that the agreement was at an end ; but the defendant refused to refund it, on account of the disappointment, trouble, and expense he had incurred, by reason of the non-payment of the money, according to the contract. That considering the agreement at an end, the defendant, on the 6th of *May*, 1817, conveyed the land, in fee, to *E. Johnson*, for a valuable consideration, and without notice of the agreement. The defendant submitted, that the remedy of the plaintiff, if any, was at law, and prayed the benefit of this objection, as if he had demurred.

*Jones* and *Baldwin*, for the plaintiff.

*P. S. Parker*, contra.

THE CHANCELLOR. This is a bill for the specific per-

formance of a contract, for the conveyance of land. The defendant sets up matter of excuse in his answer, and states that he had, on the 6th of *May*, 1817, which was long after the time he had agreed to convey to the plaintiff, and some time before the filing of the bill, conveyed the land in question to a third person, for a valuable consideration, and with‑ out notice to such grantee of the agreement. It is to be in‑ ferred from the facts in proof, and particularly from the tes‑ timony of *Elisha Johnson*, that the plaintiff was informed of the fact of this conveyance a considerable time previous to the commencement of the suit, and though the plaintiff may have a just and valid claim to compensation, in damages, for breach of the agreement, yet the question is, whether this Court ought to sustain the bill, under the circumstances of the case, for the purpose of having these damages assess‑ ed and awarded. The defendant insists, in his answer, that the plaintiff's remedy, if any, is at law.

The jurisdiction of the Court, on this point, was discussed in the case of *Hatch* v. *Cobb*, (4 *Johns. Ch. Rep.* 559.) and it was considered, that the Court ought not, except in very special cases, to sustain a bill merely for the assessment of damages. The more I have reflected on the subject, the more strongly do I incline to that opinion. Lord *Eldon* in‑ timated, in *Todd* v. *Gee*, (17 *Vesey*, 273.) that the whole course of previous authority was against the decision of Lord *Kenyon*, in *Denton* v. *Stewart;* (1 *Cox*, 258.) and in that case, Lord *Eldon* said, the defendant had disabled himself, *pendente lite*, from performing the agreement; and *that* fact materially distinguishes that case from this. When the de‑ fendant had disabled himself before the filing the bill, and the plaintiff *knew* of that fact before he commenced his suit, (and I consider such knowledge a material circumstance in the case,) it is then reduced to the case of a bill filed for the sole purpose of assessing damages for a breach of contract, which is a matter strictly of legal, and not of equitable ju‑

risdiction. The remedy is clear and perfect at law, by an action upon the covenant; and if this Court is to sustain such a bill, I do not see why it might not equally sustain one in every other case sounding in damages, and cognizable at law.

This Court is not the ordinary and appropriate tribunal for such actions.

Bill dismissed without costs.