## Case No. 8,950.

MAGIC RUFFLE CO. v. ELM CITY CO.

[14 Blatchf. 109; 2 Ban. & A. 506; 11 O. G. 501.] [1]

Circuit Court, D. Connecticut. Jan. 27, 1877.

PRACTICE IN EQUITY — ACTION AT LAW — INADEQUACY — BILL FOR DISCOVERY — ACCOUNT — DAMAGES — PATENTS — INFRINGEMENT.

1. Where a bill is brought for a discovery and for other equitable relief within the appropriate jurisdiction of a court of equity, and the ultimate object of the plaintiff is to obtain damages, the court, having granted a discovery, will proceed and give the proper relief in damages, and not compel the plaintiff to undergo the delays and expenses of a suit at law.

2. Where a bill is brought for a discovery, in a case which is not the proper subject of an action or bill for an account, the fact that the plaintiff is entitled to a discovery does not necessarily entitle him also to an account.

3. But if the relief to be ultimately rendered is the payment of damages, and a discovery is needed, and the ascertainment of damages is complicated and intricate, and the action at law cannot be adequately tried without great difficulty, then, although the case is not one of trusteeship or agency, a court of equity will assume jurisdiction of the whole case and proceed to a final decree on the merits.

4. The rule of damages for the infringement of a patent considered.

5. If a master's report, made under an interlocutory decree, discloses facts properly heard by him. which, in the opinion of the court, should be further investigated, it is competent for the court to direct such an investigation.

In equity.

Clarence A. Seward, for plaintiffs.
Charles R. Ingersoll and Edward W. Stoughton, for defendants.

SHIPMAN, District Judge. The bill of complaint herein alleged, in substance, that the plaintiffs were the owners of letters patent granted to George B. Arnold, on May

1 [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 506; and here republished by permission.]

8th, 1860, for a new and useful "improvement in ruffles," and that an executed agreement of license, dated February 21st, 1863, was entered into between the plaintiffs and defendants, by which the former licensed the latter to manufacture and sell the ruffle then manufactured by them, and known as the double ruffle, and the latter agreed to manufacture only said ruffle, and admitted the validity of said patent. The bill also alleged, that, after the date of said agreement, the defendants, in violation thereof and of said letters patent, made and sold many thousand yards of single ruffles, each of which contained the invention described and claimed in said letters patent, and prayed for a disclosure of all their gains and profits, and of the number of yards so made and sold, and that they account for and pay over such gains and profits, and also all damages which the plaintiffs had sustained by reason of the premises. The patent had expired before the bill was brought. The court was of opinion, that, while the averments of the bill were sufficient to justify a court in holding, if necessary, that it was a bill for an injury to patent rights, yet it was manifest that the pleader intended to make the alleged breach of agreement the foundation of the action, and that he sought to recover damages for an injury to the plaintiffs arising out of the violation of the contract. In reply to the objection that a bill in equity, based upon the contract, could not be sustained, because for a breach of contract there was a complete and adequate remedy at law, the court held that it properly had jurisdiction of the case, inasmuch as the proper averments of the bill made it a bill for a discovery, and that the ascertainment of the facts from which damages are to be estimated, in case of injury to property in letters patent, is peculiarly within the province of a court of equity, and whether, having jurisdiction, it would proceed to grant further and more complete relief, and what relief would be granted, were questions which could be determined after the master's report had been made. The court also found, that the agreement had been broken, and that the defendants had made and sold ruffles in violation of said agreement, and which ruffles contained the improvement described and claimed in said letters patent. An interlocutory decree was passed, in which it was adjudged that the plaintiffs were entitled to a discovery from the defendants of facts from which damages for the violation of said contract could be computed and ascertained, and that an account be taken by a master to ascertain and report the number of yards of ruffles made and sold by the defendants during each year between February 21st, 1863, and May 8th, 1874, which contained the improvement claimed in said letters patent, and to ascertain the gains and profits which had been made by the defendants during the period aforesaid, from said manufacture and sale.

The opinion of the court, detailing the pleadings and the facts in the case, at length, is to be found in [Case No. 8,949].

The master's report states, that, after a number of hearings and adjournments, the parties "agreed upon the number of yards of ruffling manufactured and sold by the defendants, and that the gains and profits on the whole of the goods so manufactured and sold, amounted to the sum of thirty thousand dollars, the agreement being made upon the basis of the facts proved in the examination of the business transacted in the years 1863 and 1864." The whole number of yards is 2,363,080, and the number of yards of each article, and the profits upon each, are stated in an exhibit attached to the report. The plaintiffs now ask for a final decree for the amount which has been reported by the master. The defendants insist, that, inasmuch as the court has held that the violation of the agreement was the foundation of the action, and jurisdiction was obtained merely for purposes of discovery, and as the relief which is desired is simply the payment of damages for a breach of contract, the court has not jurisdiction to grant further relief. They claim that the jurisdiction which has been exercised in ordering a discovery is exhausted, and cannot empower the court to retain the case for the relief prayed for.

When a bill is brought for a discovery and for other equitable relief within the appropriate jurisdiction of a court of equity, and the ultimate object of the plaintiff is to obtain damages, in such case the court, having granted a discovery, will proceed and give the proper relief in damages, and not compel the plaintiff to undergo the delays and expenses of a suit at law. "The jurisdiction having once rightfully attached, it shall be made effectual for the purposes of complete relief." 1 Story, Eq. Jur. (8th Ed.) § 64k. This rule is expressed in 1 Fonbl. Eq. (book 1, c. 1, § 3), as follows: "The court having acquired cognizance of the suit for purposes of discovery, will entertain it for the purpose of relief, in most cases of fraud, account, accident and mistake," all of which are subjects of equitable jurisdiction. In some cases, courts have laid down the principle more broadly, and have apparently held, that, when jurisdiction once attaches for discovery in any case, the court will entertain a bill for relief, although no equitable relief is or could be sought, and where the only relief that can be granted is in damages. The cases of Parker v. Dee. 2 Ch. Cas. 200; Ryle v. Haggie. 1 Jac. & W. 234; Armstrong v. Gilchrist, 2 Johns. Cas. 424; King v. Baldwin, 17 Johns. 384,—assert this doctrine, and the language of Chief Justice Marshall, in Russell v. Clark, 7 Cranch [11 U. S.] 69, if interpreted literally, and not in connection with the facts of the case, justifies the assertion. Other courts have disclaimed this extensive jurisdiction, and have held that, where a party comes into equity for discovery mere-

ly, and this is the only ground upon which a court of equity obtains jurisdiction, and no other equitable relief is or can be sought, the case will not be retained for purposes of assessing damages, but the parties will be remitted to an action at law. In Middletown Bank v. Russ, 3 Conn. 135, Chief Justice Hosmer says: "This brings me to consider whether a court of chancery, having taken jurisdiction for enforcing a discovery, will universally assume cognizance of the cause, settle every question which may arise, and grant ultimate relief. I have no hesitation in giving a negative to this question." The cases of Hipp v. Babin, 19 How. [60 U. S.] 271, and Insurance Co. v. Bailey, 13 Wall. [80 U. S.] 616, are illustrations of the indisposition of courts of equity to entertain jurisdiction of suits which are merely for the enforcement of a legal demand. It may be regarded as generally true, that a court of equity ought not to sustain a bill which, although it may contain matter which can give the court jurisdiction, is merely for the assessment of damages for a breach of contract (Hatch v. Cobb, 4 Johns. Ch. 559; Kempshall v. Stone, 5 Johns. Ch. 193; Milkman v. Ordway, 106 Mass. 232); and that, where a bill is brought for discovery, in a case which is not the proper subject of an action or bill for an account, the fact that the plaintiff is entitled to a discovery does not necessarily entitle him also to an account (Foley v. Hill, 2 H. L. Cas. 28; Frietas v. Dos Santos, 1 Younge & J. 574). There is, however, a class of cases in which the relief to be ultimately rendered is the payment of damages alone, and where the party seeking such relief needs the aid of a court of equity for discovery, in a case which is not of trusteeship or agency, but where the ascertainment of damages is complicated and intricate, and the action at law cannot be adequately tried without great difficulty, resulting from the nature of the accounts or from other circumstances. In such cases, a court of equity assumes jurisdiction of the whole case, and proceeds to a final decree upon the merits. In Foley v. Hill, cited supra, a case in which a debt against a banker for a deposit in his bank was sought to be recovered, the lord chancellor says: "It is not because you are entitled to a discovery, that therefore you are entitled to an account. That is entirely a fallacy, that would, if carried to the extent to which it would be carried, according to the argument at the bar, make it appear that every case is matter of equitable jurisdiction, and that, where a plaintiff is entitled to a demand, he may come to a court of equity for discovery. But the rule is, that, where a case is so complicated, or where, from other circumstances, the remedy at law will not give adequate relief, there the court of equity assumes jurisdiction." To the same effect are Corporation of Carlisle v. Wilson, 13 Ves. 276, and O'Connor v. Spaight, 1 Schoales & L. 305, and the principle is fully recognized in Fowle v. Lawrason, 5 Pet. [30 U. S.] 495.

In my opinion, this case comes fully within the rule which has been considered. A discovery was certainly necessary, for the facts which are embodied in the master's report required an expenditure of much time, labor and painstaking by the defendants' treasurer before they could be stated, and it would have been impracticable to obtain them in the ordinary method of trial by jury. These facts, having been thus obtained, the court is now asked to leave the parties to the remedy at law, where the main question must be, in fact, the ascertainment of damages for an injury to the patent rights of the plaintiffs, oftentimes one of the most complex and difficult questions of patent law, one which demands careful study, reflection and experience upon the part of the master, and which can often be very inadequately solved in a jury trial. The careful and accurate computation of damages in this case is a matter which will require time and labor, for, as will be seen hereafter, I do not think that all the elements from which damages are to be computed have been ascertained by the agreement of the parties.

There is another reason which induces me not to remit the parties now to an action at law. It is disclosed in the testimony taken before the master, that, since the commencement of this suit, the defendants have gone into insolvency, and their estate is now being administered upon in the probate court, under the insolvent system of this state. This creates no bar to an action at law against the defendants, but, as their estate is entirely in the custody of a court for the benefit of their creditors, and a dividend can only be expected, it is for the advantage of all the parties and the creditors, that the dividend should not be diminished by protracted and expensive litigation and a multiplicity of suits.

It is next claimed by the plaintiffs, that the report of the master discloses all the facts from which damages can be ascertained, and that, it having been agreed that the profits of the defendants upon the ruffles manufactured and sold by them were the sum of $30,000, such sum is the measure and rule of damages. I do not understand that, in all cases and invariably, the amount of profits upon the manufactured article is the rule of damages for an infringement. Cowing v. Rumsey [Case No. 3,296]; Bell v. Daniels [Id. 1,247]. In this case, as was stated in the former opinion, "the Magic ruffle of the plaintiffs is an unfinished article, to be attached by the band to ladies' or children's undergarments. The Princess ruffle is a finished article, having a band with an even and finished edge, and is designed to be worn as a neck ruffle. Still, the distinguishing character of the Magic ruffle is found in the Princess ruffle." The

defendants' ruffles contain the patented improvement which is embodied in the Magic ruffle, but the ruffles of the two parties are different in the eye of the trade and of the purchaser. The endeavor of the court should be to ascertain the damages which resulted to the plaintiffs from the unauthorized use of their improvement, how much the plaintiffs have lost in consequence of the violation of this contract by the manufacture and sale of the twenty-two kinds of ruffles which are mentioned in the report; and the fact that, upon the entire ruffles of the character which the defendants manufactured, they made a profit, is not sufficient to enable a court to determine that the plaintiffs suffered that amount of damages from the use of their patented improvement. Mowry v. Whitney, 14 Wall. [81 U. S.] 620; Littlefield v. Perry, 21 Wall. [88 U. S.] 205.

There should, therefore, be a reference to a master, to ascertain the amount of damages which the plaintiffs have suffered in each year, from the year 1863 to 1874, from the breach of the contract by the use of the patented improvement in the manufacture of the ruffles which it has already been found were manufactured and sold by the defendants during said years.

The defendants made the point, upon the former hearing, that they had been manufacturing the Princess ruffle ever since the date of the agreement, with the knowledge and acquiescence of the plaintiffs, and were not notified that such manufacture and sale were regarded by the plaintiffs as a violation of the agreement or of the patent, until after it had expired, and about the time of the commencement of this suit; and tnat this claim had become stale, and should not be favored by courts of equity, by reason of the laches of the complainants in the vindication of their rights, and their acquiescence in the assertion of adverse rights. It was said in the opinion, that, "if I was satisfied, from the evidence, that the defendants had manufactured and sold the Princess ruffle since 1862, in such quantities that the attention of the plaintiffs must have been early called to the infringement, or that they actually knew of the violation of the agreement ever since the year 1862, I should be of opinion, that their delay in making known their claim was such as to prevent them from now receiving the aid of a court of equity to the extent of its powers." "This doctrine is found in the very nature and character of the jurisdiction exercised by courts of equity on this and other analogous subjects." Wyeth v. Stone [Case No. 18,107]. There was at that time no adequate evidence of laches on the part of the plaintiffs. It now appears, from the report of the master, that 2,359,074 yards of infringing ruffles were sold by the defendants from 1863 to 1874, in which amount is included 1,055,246

yards of the Princess ruffle, the one which was the principal subject of discussion upon the former hearing. The defendants renew their claim, from these facts, that there must have been laches on the part of the plaintiffs, who properly say that they have had no opportunity to introduce any testimony upon their part, because they did not know that the question of laches was to be made an issue before the master. Enough is brought to the attention of the court, from the evidence properly received by the master, to show that the evidence in regard to laches was not exhausted in the proofs which were taken before the interlocutory decree. The order which has been heretofore passed being only interlocutory, if the master's report discloses facts, properly heard by him upon the order of reference, which, in the opinion of the court should be further investigated, it is competent for the court to direct such an investigation. Interlocutory orders and decrees are subject to revision until a final decree is made. Perkins v. Fourniquet, 6 How. [47 U. S.] 206. The decree should also provide that the master should take proofs as to whether the plaintiffs have had knowledge of the manufacture and sale of said ruffles which have been manufactured and sold by the defendants in violation of said agreement, and during what period of time the plaintiffs have had such knowledge, and whether the defendants have manufactured and sold said ruffles since 1862, in such quantities that it must have come to the attention and knowledge of the plaintiffs, or that they actually knew of such manufacture during said period.

The second exception to the master's report, in regard to the admission of patents subsequent to the plaintiffs' patent, is sustained. The master's report is confirmed, with said exception.

Let a decree be passed in conformity with this opinion.

[For another case involving this patent see Magic Ruffle Co. v. Douglas, Case No. 8,948.]