JACOB H. SAPERSTEIN, Respondent, v. THE MECHANICS AND FARMERS SAVINGS BANK OF ALBANY, Appellant.

**Specific performance — equity — breach of contract for purchase of real property — specific performance will not be decreed when it is not possible for defendant to convey the land at the time of the action — damages — pleading — allegations necessary to sustain recovery of damages by plaintiff.**

1. The specific performance of a contract for the purchase of real estate may be decreed only where, at the time of the decree, it is possible for the defendant to convey the land. Where, before the action is begun, the defendant has entered into a contract of sale with a third party, who is not present and has had no notice, so far as appears, of the plaintiff's claim, specific performance will not be granted.

2. Nor will a court of equity retain such an action to award damages, where the plaintiff was aware, before beginning his action, that specific performance was impossible. If, however, the facts pleaded give rise to a legal liability, the complaint should not be dismissed. But the action is then one at law for damages. In order to recover damages, however, the plaintiff must allege and prove performance on his part of the contract or waiver of performance.

*Saperstein* v. *Mechanics & Farmers Savings Bank*, 187 App. Div. 913, reversed.

(Argued February 25, 1920; decided March 9, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1919, unanimously affirming a judgment in favor of plaintiff entered upon a

17

decision of the court at a Trial Term after rendition of a verdict in favor of plaintiff upon a question of fact submitted to the jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Page Smith* and *John H. Webster* for appellant. This is an action at law for damages. (*Broden* v. *Gordon*, 50 Misc. Rep. 283; Daniell Ch. Pr. [7th ed.] 355; *Wilder* v. *Ranney*, 16 Wkly. Dig. 478; *Von Beck* v. *Village of Rondout*, 15 Abb. Pr. 48; *Messenger* v. *Chambers*, 53 Misc. Rep. 118; *Kennedy* v. *Hazelton*, 128 U. S. 667.) This being an action at law to recover money back, the plaintiff is bound to comply with the strict rules of pleading and evidence and defendant is entitled to its contract rights. (*Bruce* v. *Tilson*, 25 N. Y. 194; *Viele* v. *T. & B. R. R. Co.*, 20 N. Y. 184; *Tompkins* v. *Hyatt*, 28 N. Y. 347; *Barwell* v. *Jackson*, 9 N. Y. 535; *Smith* v. *Babcock*, 36 N. Y. 169; *Smyth* v. *Sturges*, 108 N. Y. 502; *James* v. *Burchell*, 82 N. Y. 108; *Zorn* v. *McParland*, 11 Misc. Rep. 557; *Eddy* v. *Davis*, 116 N. Y. 251; *N. Y. Utility Co., Inc.*, v. *Williamsburgh Steam Laundry Co.*, 187 App. Div. 110; *Societe Bordelaise* v. *Wood & Selick*, 188 App. Div. 267.) The plaintiff, admittedly in default, and never having been in a position to perform his obligation under the contract, cannot recover damages from the vendor who made full compliance. (*Smyth* v. *Sturges*, 108 N. Y. 503; *Haffey* v. *Lynch*, 143 N. Y. 245; *Societe Bordelaise* v. *Wood & Selick*, 188 App. Div. 267; *Eddy* v. *Davis*, 116 N. Y. 250; *Hayden* v. *Pinchot*, 172 App. Div. 106; *Lawrence* v. *Miller*, 86 N. Y. 131; *Havens* v. *Patterson*, 43 N. Y. 218; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Ziehen* v. *Smith*, 148 N. Y. 558; *Levy* v. *Hill*, 70 App. Div. 95; 174 N. Y. 536.)

*John W. Roddy* for respondent. The defendant was not justified in rescinding and canceling the contract it had with plaintiff for the sale of the real estate in question

on the 7th day of February, 1917, because plaintiff requested a delay of a few days for the purpose of raising the whole of the purchase price of said premises, inasmuch as time was not expressly made of the essence of the contract. (*Lese* v. *Lamprecht*, 196 N. Y. 32; *Hun* v. *Bourdon*, 57 App. Div. 351; *Taylor* v. *Goelet*, 208 N. Y. 259; *Scudder* v. *Lehman*, 142 App. Div. 631; *Bennet* v. *Bennet*, 10 App. Div. 550; *Baumeister* v. *Demuth*, 84 App, Div. 399.)    This being an action for a specific performance, and it appearing at the trial that the defendant had conveyed the property in question after the commencement of the action, the trial court was justified in granting judgment in damages.    (*Rosenberg* v. *Haggerty*, 189 N. Y. 481; *A. H. R. Co.* v. *Vogt*, 182 App. Div. 736; *S. F. Co.* v. *S. C. Co.*, 44 App. Div. 132; *Haffey* v. *Lynch*, 143 N. Y. 241; *McNulty* v. *M. M. El. L. Co.*, 172 N. Y. 412; *O'Beirne* v. *A. & K. R. Co.*, 151 N. Y. 383; *O'Beirne* v. *Bullis*, 158 N. Y. 469; *O. & Co.* v. *S. S. S.*, 179 App. Div. 640; *Bloomquist* v. *Farson*, 222 N. Y. 380; *Barnes* v. *M. R. R. T. Co.*, 218 N. Y. 100.)

ANDREWS, J.    The complaint alleges a contract between the parties for the purchase and sale of real estate.    The consideration was $9,500.    Of this sum $200 was to be paid on January 5, 1917, the date of the contract, and the balance on February 7, 1917, at 11 o'clock A. M. at a designated place.    Then the deed was to be delivered. The $200 was paid to the defendant, but on February 7 the vendee was not able to perform in full.    He stated this fact to the vendor and also that he would be ready to do so in a few days.    On February 13 he again informed the vendor that he would be ready to perform on the next day, but was told tha  the property had already been sold to another, and the contract with him was at an end.    He was ready to perform on the 14th, " but the defendant (the vendor) had placed itself in a position where it could not carry out the terms of the contract by reason of having

sold or made a contract of sale of said premises to another party." The vendee since February 14 has been ready and willing to pay the balance of $9,300, but the vendor refuses to execute a deed to him. Time was not of the essence of the contract and the delay did not injure the vendor, nor was it due to bad faith on the part of the vendee. The relief demanded is the specific performance of the contract or a judgment for $200 damages.

The findings of fact by the trial court followed these allegations and also found that on February 7 the vendor was ready and willing to carry out its part of the agreement; that it then tendered a proper deed to the vendee and demanded $9,300; that upon failure to receive that amount it refused to grant any extension and canceled the contract. On February 10 the vendor made a contract to sell the property to a third party. This contract shows that upon its execution $400 was to be paid. The deed pursuant to this contract was given on March 15, after the commencement of this action.

Upon this complaint and these findings the plaintiff has obtained a judgment for $200 against the defendant. It cannot be sustained.

The specific performance of a contract for the purchase of real estate may be decreed only where it is possible for the defendant to convey the land. If he has no title or has parted with the title after the execution of the contract the court will not grant a vain judgment. Here the plaintiff himself alleges that the decree he seeks could not be enforced. The court also finds that the defendant, before the action was begun, had entered into a contract of sale with a third party who is not present, and who had no notice so far as it appears of the plaintiff's claim. Equity will not and cannot compel the defendant to break this second contract even had a conveyance not been made. (*Flattau* v. *Logan,* 72 N. J. Eq. 338; *De Vita* v. *Loprete,* 77 N. J. Eq. 533; *Maguire* v. *Heraty,* 163 Penn. St. 381.)

Failing specific performance, however, equity may on occasion decree damages in its place.   Where it has obtained jurisdiction of the parties to the action and its subject, it may adapt relief to the needs of the case, even to the extent of directing a personal judgment in order to prevent the failure of justice.   And where the action is so retained equitable principles are applicable.   (*Wiswall* v. *McGowan*, Hoffman's Ch. 125, 133.)   In equity some variations from the strict performance of a contract may at times be ignored.   If time of performance is not of the essence of the agreement a reasonable delay may be regarded as immaterial.   In spite of such a delay on the part of the vendor or of the vendee, if the other party is not harmed and his position remains unchanged, damages, in lieu of the performance of the contract, may be decreed. It is still an action in equity.   But if there never was in fact any ground of equitable relief whatever, then the action never was subject to equitable cognizance. (*Dudley* v. *Congregation Third Order of St. Francis*, 138 N. Y. 451.)

The practice adopted was that where specific performance had become impossible at the time an action was begun and the plaintiff was aware of that fact the court on denying equitable relief would not retain the matter so as to award damages.   The action would be dismissed and the plaintiff left to his legal remedy.   If, however, the plaintiff in ignorance of the truth sought relief in good faith then damages would be assessed by the chancellor.   (*Milkman* v. *Ordway*, 106 Mass. 232; *Andrews* v. *Brown*, 3 Cush. 130; *Kennedy* v. *Hazelton*, 128 U. S. 667.)

The doctrine was stated in *Wiswall* v. *McGowan* (Hoffman's Ch. R. 125, 131), " Whenever the inability to fulfill a contract arises before the bill is filed, whether produced by a party himself or not, and is known to the complainant, a bill cannot be sustained for damages only.   If such inability is caused by the act of the party after the suit is commenced, relief may be given; and also

if the fact is unknown to the complainant, when he sues."
The same doctrine is laid down in *Morss* v. *Elmendorf*
(11 Paige, 277); *Kempshall* v. *Stone* (5 Johns. Ch. 193);
*Hatch* v. *Cobb* (4 Johns. Ch. 559).

Under the Code practice in this state the rule has been
altered to this extent. If a purely equitable action has
been pleaded it still prevails. If, however, in addition to
this equitable cause of action the facts as stated give rise
to a legal liability then there should be no dismissal; the
action remains to be tried. (*Sternberger* v. *McGovern*, 56
N. Y. 12; *Margraf* v. *Muir*, 57 N. Y. 155; *Haffey* v. *Lynch*,
143 N. Y. 241; *Ohl & Co.* v. *Standard Steel Sections, Inc.*,
179 App. Div. 637.) But it is now an action at law.
Into such an action the plaintiff may not import equitable
principles by demanding equitable relief to which he is
not entitled. Being an action at law to recover damages
for the breach of an executory contract it must be alleged
and found either that the plaintiff himself has fully
performed all those concurrent and dependent promises,
which were the consideration for the contract, or that
the performance has been waived by the defendant.
Here we have no allegation and no finding of full
performance or of waiver. We have a denial of full
performance and a finding that there was no waiver.
Under such circumstances a recovery at law is impossible.
(*Smythe* v. *Sturges*, 108 N. Y. 495; *Lawrence* v. *Miller*, 86
N. Y. 131.)

Entitled, therefore, on his own showing, neither to
legal nor to equitable relief, the judgments appealed from
should be reversed, and the complaint dismissed, with
costs to the defendant in all courts.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, MCLAUGHLIN
and ELKUS, JJ., concur.

Judgments reversed, etc.