E. M. KANE COMPANY, INC., Plaintiff, *v.* ALFRED JARETZKI and UNITED STATES TRUST COMPANY OF NEW YORK, Individually and as Executors of the Last Will and Testament of JOSEPH R. DELAMAR, Deceased, Defendants.

Supreme Court, New York Special Term, October, 1922.

Vendor and purchaser — contract for sale of real estate — specific performance — vendee who failed to make tender on law day and ever since cannot maintain action or recover deposit — fact that vendors refused to grant extension of time immaterial.

While a court of equity will sometimes relieve a vendee from a technical breach of a contract and decree specific performance in spite of such breach, it cannot create a wrong where the vendor stands upon his legal rights.

Where the vendee in a land contract failed to pay the purchase price at the time set for closing the title and has never since been ready to perform, it is not entitled in an action for specific performance of the contract to a return of the amount paid on the making of the contract where the vendor is ready, able and willing to perform and has not waived performance on the part of the vendee.

The refusal of the vendors to waive performance on the part of the vendee did not give the vendee the same right which it would have obtained by a tender of performance, viz., to declare the vendors in default and to obtain the return of the amount paid upon the purchase price or other damages.

A demand of the vendee for the return of the consideration paid upon the claim that it could have performed had the vendors granted an extension of the contract which they were under no legal obligation to do, cannot be considered, based as it was upon a custom inconsistent with the terms of the contract.

Whether in any event the court in such an action might award damages to the plaintiff who was not even at the time of the commencement of the action able and willing to perform, not decided.

ACTION for specific performance.

*Neil P. Cullom,* for plaintiff.

*Sullivan & Cromwell (Ralph Royall,* of counsel), for defendants.

LEHMAN, J. On the 24th day of August, 1921, the parties entered into an agreement for the sale of certain real estate for the sum of $253,000, of which $10,000 was paid on the making of the contract and the balance was to be paid in cash on the delivery of the deed, on the 24th day of October, 1921, at one P. M. On the morning of the day set for the delivery of the deed the plaintiff's president and its attorney informed the defendants' attorney in effect that it had not yet obtained a mortgage loan which it expected to obtain in order to secure the money to pay the purchase price on the property but that an application was being considered by a financial institution and they requested an extension of the

contract to enable them to obtain a loan. The attorney for the defendants stated that he had no authority to grant any extension and refused the request. The plaintiff did not appear again at one P. M., the time set for closing. The deed for the property was at that time ready for delivery. The plaintiff was not ready and able to carry out its contract on the stipulated day. It never thereafter tendered performance to the defendants but in July, 1922, it brought this action for specific performance. At the trial it appeared that at no time was the plaintiff ready and able to pay the purchase price unless it secured a mortgage loan on the premises but the plaintiff claimed that prospective lenders were unwilling to make such a loan unless they were shown a contract of sale with the closing date not yet passed and that the defendants' refusal to grant the extension when requested on October 24, 1921, had made impossible performance of the contract by the plaintiff thereafter. They, therefore, urge that even though the court cannot decree specific performance because even now after the lapse of a year the plaintiff is not ready, able and willing to perform, it should order the repayment of the $10,000 paid on account of the purchase price either as damages for the defendants' " wrongful act " in refusing the extension or on some theory that it is inequitable for the defendants to retain these moneys.

" Time in the performance of an agreement either for the sale or purchase of real property is always material," even though where time is not of the essence of the contract and there has been no performance at the day, a court of equity may under proper circumstances relieve a party " from the consequences of the delay and grant a specific performance." *Hubbell* v. *Von Schoening,* 49 N. Y. 326. Since the parties stipulated that the contract was to be performed on October twenty-fourth and time is always material, it is clear that the plaintiff was at least technically in default when it failed to pay the purchase price on that day and the defendants were ready to deliver a deed of the premises. The defendants did not waive performance on that day but on the contrary they refused to waive such performance. Even though I should assume that there is a custom in New York to grant reasonable extensions of time for performance of a contract for the sale of real estate and that plaintiff's request was reasonable, it seems to me quite clear that such a custom would not affect the plaintiff's rights under this contract for it would be inconsistent with its terms. The parties have stipulated the time of performance and the stipulated time is a material part of the contract. If the plaintiff failed to perform and performance was not waived, it could not recover any damages in an action at law. *Saperstein*

v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257. An extension of time would not merely change the time of performance but would act as a waiver of performance at the time set and it seems to me that there is no room for argument that a custom that would give the right to demand and receive such an extension would not be at variance with the terms of the contract.

The plaintiff in fact has not seriously argued that a failure to grant a reasonable extension would constitute a breach of contract for which damages could be obtained in an action at law but it does urge that such refusal is an inequitable act through which the defendant will be able to retain the $10,000 paid upon the signing of the contract unless equity gives some relief; but if the contract was valid and under its terms the plaintiff was required to perform on the day set, a court of equity cannot change the contract of the parties nor say that a refusal by the defendants to waive performance by the plaintiff of the terms of the contract gives the plaintiff the same right which it would have obtained by a tender of performance, viz., to declare the defendants in default and to obtain the return of the consideration previously paid by it or other damages. A court of equity will sometimes relieve a vendee from a technical breach of contract and will decree specific performance in spite of such breach but it cannot create a wrong where a party merely stands on rights which a court of law recognizes and enforces. In its final analysis this case presents a situation where a vendee was in default at the time set for performance and has never tendered performance or been ready to perform since that date, yet demands the return of the consideration paid from a vendor who was ready, able and willing to perform, on the claim that it could have performed if the defendants had granted an extension of the contract which they were under no legal obligation to grant, which could serve no purpose except to show to other parties who might help the plaintiff to perform after the time for performance had expired and which would have resulted in the waiver of rights which the law gives to the defendant. A mere statement of this proposition seems to me to carry its own refutation.

In view of these considerations it is unnecessary to determine whether in any event under the authority of *Saperstein* v. *Mechanics & Farmers Sav. Bank*, *supra*, a court of equity could award damages in an action for specific performance where the plaintiff was not even at the time of the bringing of the action able and willing to perform.

Judgment for defendants, with costs. Findings and decree passed upon and signed.

Judgment accordingly.