ANTONIO BALDO and Others, Respondents, *v.* NICK FERRARI and Another, Appellants.

Fourth Department, May 2, 1928.

**Vendor and purchaser — specific performance — contract was signed by husband of owner in her presence — action against husband and wife for specific performance cannot be maintained.**

This action is brought against a husband and his wife to compel the specific performance of a contract under seal for the sale of real property. Since it appears that the wife was, at the time of the execution of the contract, and is

now the owner of the property, and that the contract was signed by the husband only, although signed in the presence of the wife, the action cannot be maintained. The action will not be retained to award damages, for the complaint does not contain the necessary allegations for that relief.

Furthermore, a contract under seal cannot be turned into a simple contract of a person not appearing on its face to be a party to or interested in it by proof outside the instrument itself.

APPEAL by the defendants from a judgment of the Supreme Court entered in the office of the clerk of the county of Monroe on the 11th day of January, 1927.

*John B. Abbott* [*Harold G. Hutchens* of counsel], for the appellants

*Cosmo A. Cilano* [*Michael L. Rogers* of counsel], for the respondents

PER CURIAM. Plaintiff has a decree, against both defendants, requiring specific performance of a contract, under seal, for the sale of real estate.

The contract was signed by the defendant Nick Ferrari in the presence of the other defendant, who is his wife; she declined to sign it, saying that the property belonged to her husband and whatever he did with it would be all right. The complaint alleges that the property involved, in fact, belonged to the defendant Delia Ferrari and alleges that defendant Nick Ferrari signed the contract "individually and as agent for Delia Ferrari, his wife."

It makes no claim for damages for the conceded refusal to fulfill and none are awarded by the decree. The record contains an admission that the defendant Delia Ferrari owned the property and that at the time of the demand and tender the title was still in her.

Upon this state of facts we believe the judgment cannot be sustained as against either defendant; an action for specific performance is not the proper remedy.

Where a defendant in such an action had no title to the land, or has parted with title after execution of the contract, the court wil not decree specific performance — it will not decree a vain judgment; and where the complaint does not contain suitable allegations and fails to demand that relief, the action will not be retained for the purpose of awarding damages. (*Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257.) Likewise a contract under seal may not be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, by proof dehors the instrument that the nominal party was acting as the agent of another. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Case* v. *Case*, 203 id. 263; *Crowley* v. *Lewis*, 239 id. 264.)

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs to each defendant.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment reversed on the law, with costs, and judgment directed for defendants dismissing the complaint, with costs.