The plaintiff appealed from a judgment entered in the office of the clerk of the County of Essex on February 8, 1947, decreeing that the sum of $200 be .refunded to said appellant, that the complaint be dismissed and the defendant Everett M. Clark recover the sum of $30.50 costs. The complaint alleged *970 two causes of action — the first, which alleged that the title of the County of Essex and of the defendant Clark was invalid by reason of certain irregularities precedent to tax sales, and the other in the nature of specific performance of an alleged contract between the County of Essex and the plaintiff demanding that a deed duly executed and acknowledged to said premises be tendered and delivered by the defendants to the plaintiff upon the condition that the plaintiff pay to the defendants the. balance of the purchase price, together with accrued taxes and interest thereon at the time of the tender. The appellant acquired title to the premises involved by deed dated May 26, 1923. The County of Essex acquired title for unpaid taxes for the years 1932-1933 by tax deed dated January 15, 1938, and recorded on May 16, 1939. The county again sold the property for unpaid taxes for the years 1934-35 and acquired title by tax deed dated February 4, 1938, and recorded on May 23, 1939. Both deeds were recorded in the Essex County Clerk’s Office. Application to redeem was made, but not in writing.. On August 14, 1939, the Board of Supervisors of Essex County authorized and empowered the County Treasurer to sell said premises to Frances Potter, the appellant, for the sum of $436.19 plus accrued taxes. Appellant delivered a check for $100 to the County Treasurer on said amount. On December 2, 1940, the board passed another resolution authorizing and empowering the County Treasurer to sell said premises to the plaintiff for the sum of $480.02 plus accrued taxes. Said resolution of the board was to be void and of no effect unless the privileges granted in said resolution were exercised within sixty days by the purchaser. The purchaser failed to make any further payments although notified of the resolutions. On August 17, 1943, pursuant to a resolution of the Board of Supervisors said property was conveyed to Everett M. Clark by deed recorded oh September 20, 1943. Plaintiff was estopped from raising any question by reason of any defect affecting the jurisdiction upon constitutional grounds, because the summons and complaint were served on June 30, 1944, more than five years after the County of Essex recorded its tax sale deepen the 23d day of May, 1939. (Tax Law, § 132.) The County of Essex had legally parted with the title of the premises, and therefore, a court in such a case would not grant judgment in an action of specific performance (Saperstein v. Mechanics & Farmers Sav. Bank, 228 N. Y. 257, 260). Judgment affirmed, without costs. All concur. : [See post, p. 979.] |