MARIA DALIENDO, Plaintiff, *v.* ROSINA MINARDI et al., Defendants.

Supreme Court, Special Term, Queens County, June 17, 1949.

*Lyle Evans Mahan* for Alrick H. Man, Jr., as executor of Bertha C. Pedersen, deceased, defendant.

*De Sena & Mauro* for plaintiff.

Cuff, J. This was a motion by defendant, Man, as executor of the last will and testament of Bertha C. Pedersen, deceased, to dismiss the complaint and cancel the *lis pendens* filed herein. By the return day, plaintiff's counsel had served an amended complaint, as of course (Civ. Prac. Act, § 244), to which defendant had interposed an answer. At the oral argument, both counsel requested the court to entertain the motion as the pleadings then presented it. I will endeavor to accommodate counsel.

Affidavits have been submitted by both sides so the motion to dismiss will be considered as an application for summary judgment (Rules Civ. Prac., rule 113).

The essential facts are not in dispute. Defendant, Man, as executor of the will of Pedersen, under a testamentary power of sale made a contract (February 15, 1949) to sell certain real property of the estate to codefendant Minardi, setting the closing on or before April 15, 1949. Four days later (February 19, 1949) Minardi made a written contract to sell the same property to plaintiff, setting the closing for the same date fixed for the other closing.

Minardi, on March 9, 1949, assigned the Man-Minardi contract to one Melnychuk. Plaintiff denies that Melnychuk is an innocent assignee for value. If that transaction (Minardi-Melnychuk) makes any difference herein, that incident itself would present a triable issue and the motion would have to be denied. Defendant Minardi, on March 12, 1949, informed plaintiff that she had elected to terminate her contract with plaintiff. In other words, she repudiated it.

The relief demanded in the complaint is that executor, Man, be ordered to deliver a deed of the property to Minardi in accordance with the Man-Minardi contract and if Minardi refuses or fails to obey that order, that Man be ordered to accept tender by plaintiff on behalf of Minardi of performance of the Man-Minardi contract which would be merely the payment by plaintiff to Man of the consideration.

The complaint further demands specific performance by Minardi of the Minardi-plaintiff contract; an injunction against all defendants from transferring, assigning or encumbering the Man-Minardi contract or the Minardi-plaintiff contract and, in the event that specific performance fails, damages against defendants, Minardi and Man.

Stripped of the detail not germane insofar as this motion is concerned, this is the conceded situation: defendant, Man, con-

tracted to sell the land to codefendant Minardi, who in turn, after contracting to sell the same land to plaintiff, reneged on that contract. The question is: may plaintiff force defendant Man to specifically perform the Man-Minardi contract, thus putting title in Minardi so that plaintiff may require defendant Minardi to perform his contract and convey title to the land to plaintiff?

Defendant Man contends that plaintiff has stated no cause of action against him in the complaint.

I consider one function of the court of equity to be to administer justice among people in those realms of business wherever it finds that the wrongful act of one party has frustrated important rights admittedly belonging to the other party to the transaction, as a result of which wrongful act, the first party gains and his victim loses money or property. In the court adjustment which should ensue, a party related to the transaction and necessary to give the court's decree proper and complete effect, may not be eliminated from a suit in equity, instituted against the wrongdoer, simply because that party's conduct in the transaction was innocent or passive. Says Corpus Juris Secundum, " It is, of course, impossible to divest  *  ·  *  *  a title by suit in which the holder of the title attacked is not a party; and therefore, where the decree is to affect a title, all holding or claiming such title must be brought in. Where the object of the suit is to procure a sale of land, it is necessary to make the holders of all interests parties in order to convey complete title " (30 C. J. S., Equity, § 143).

While the holding of the court in *N. E. D. Holding Co.* v. *McKinley* (246 N. Y. 40) was merely that the memorandum signed by the parties presented a question of fact to be tried (the Appellate Division [219 App. Div. 738] having held that the memorandum was insufficient as a matter of law), the situation pleaded in the complaint in principle, was identical with the case at bar. That case will be discussed because Man, the movant, maintains that the complaint fails to state a cause of action against him. In that case, the Young Men's Christian Association contracted with defendant McKinley, to sell him a certain parcel of real property. McKinley, thereafter, contracted to sell the property to plaintiff. Because McKinley refused to perform that contract, that suit was brought. Summarizing the complaint, CARDOZO, J., wrote (p. 44): " It [the complaint] prays for judgment that the association [a defendant] specifically perform its contract with McKinley, that McKinley  *  *  *  specifically perform the contract with plain-

tiff ''. Is it likely that the Court of Appeals would base a decision (whether a memorandum was sufficient to present a triable issue) on a set of pleaded facts which would not support a cause of action? I think the answer is, no, which means that the Court of Appeals has inferentially approved the complaint at bar against defendant Man.

I am satisfied that the complaint states a cause of action against defendant Man and that defendant, Man, is an essential party to give effect to a judgment in the event that a decree is rendered in plaintiff's favor.

Defendant, Man, pleads that he is faced with the assignee of defendant Minardi's contract — Melnychuk — as well as plaintiff, each seeking the same property from him. He argues that the court will not order him to perform a contract which will make him thereby violate another contract (*Saperstein* v. *Mechanics & Farmers Savings Bank*, 228 N. Y. 257). But plaintiff at bar was ignorant of the assignment to Melnychuk. The first he knew about it was when this motion was argued. On the other hand, plaintiff claims that Melnychuk took with knowledge of plaintiff's rights. Before defendant may invoke the principle of law in the *Saperstein* case (*supra*), he will have to prove a valid assignment to Melnychuk, which means that Melnychuk was an innocent purchaser for value who took without notice. There are issues of fact to be tried. The motion for summary judgment is denied.

I agree with defendant Man, that the *lis pendens* filed herein is not authorized (Civ. Prac. Act, § 120) but the order herein will stay defendant, Man, from transferring or encumbering the property in question until this suit is determined at Trial or Special Term, provided plaintiff posts a bond or cash to secure defendant Man against loss occasioned by the stay. While this motion was not by plaintiff for a stay, I regard the action I have taken staying defendant Man as necessary to prevent a disposal of the real estate which act would improperly and unjustly defeat this suit.

Order on notice.