Edward S. Conway, J.
The defendant New York State Teachers’ Retirement System (hereinafter referred to as Teachers), makes a motion for summary judgment pursuant to CPLR 3212 for an order dismissing the complaint and directing that judgment be entered in favor of defendant Teachers on the ground that the action has no merit against this defendant. Plaintiff Bank of New York, Albany (hereinafter referred to as Bank), opposes the motion of defendant Teachers and makes its own motion for summary judgment against all defendants. Defendants Abraham Hirschfeld and 112 State Street Operating Co., Inc. (hereinafter referred to as Hirschfeld and 112), oppose the plaintiff’s motion for summary judgment against them.
Plaintiff’s action against the various defendants seeks to recover for specific performance of a lease and supplemental lease entered into between the plaintiff as tenant and 112 as agent for Hirschfeld as landlord, on May 18, 1971.
The lease required the landlord to provide 10 free parking places in the adjoining garage building to be erected at 104-112 State Street, free of charge to tenant during the term of the lease and any renewal periods. Additionally, it was stated in *735 article 42 of the said lease as follows: “A supplemental lease between Abraham Hirschfeld and the Tenant is being entered into today providing ten (10) free spaces to Tenant as part of the consideration of this lease. Said spaces are to be available throughout the term of this lease and any and all renewal periods.”
Simultaneously, and in conjunction with the execution of the main lease, a supplemental lease was entered into. The supplemental lease provides in part as follows:
“ The consideration for this Lease is embodied in the Lease between the Landlord and Tenant, which are two separate entities, executed this day for the rental of space in the basement, ground and second floors of 112 State Street, Albany, New York.
‘ ‘ This Lease is wholly dependent upon and intended to operate in conjunction with said Lease. This Lease is accordingly subject to all of the terms and conditions, covenants and agreements in said Lease. Tenant, however, has no interest in the garage other than permission to park ten (10) cars free of charge.”
On January 6, 1972, defendant Hirschfeld conveyed the premises known as 112 State Street to defendant 112, and said conveyance was recorded in the Albany County Clerk’s office on the same date. Defendant Teachers held three mortgages which were consolidated to form one lien on premises 112 State Street. On January 19, 1973, 112 conveyed the premises known as 112 State Street to the defendant Teachers in lieu of foreclosure of the mortgages and subject to the leases. This deed was duly recorded in the Albany County Clerk’s office on the same date of the conveyance.
The defendant Teachers contends that the supplemental lease agreement was a novation releasing it of the obligation of supplying the 10 parking spaces and that the relief plaintiff seeks is solely enforceable against the defendants Hirschfeld and/ or 112.
Defendants Hirschfeld and 112 contend that defendant Teachers was substituted as landlord with all the responsibility with respect to the provision of supplying 10 parking spaces. They further contend that first 112 was substituted for defendant Hirschfeld and then there was a substitution of Teachers for 112 and the substitution included releases of liability as landlords on their part; or, if this is not so, their liability as landlord would be only secondary.
The court cannot agree with these contentions of' the defendants. The agreement constituted separate allegations agreed *736 upon at the same point in time which carried out the intentions of the parties. The parties intended that the obligation under the main lease imposed a burden upon the landlord running with the land, just as a mortgage would, for the terms of the lease. This was supplemented by an additional agreement of Hirschfeld, as owner of 10^-112 ¡State Street, that his personal obligation to assure such parking spaces would survive any transfer of the premises at 112 State Street.
There is no proof of a novation herein. Novation means a substitution of a new contract between same or different parties and/or the substitution of a new debt or obligation for an existing one. The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation and the validity of the new one. (15 Williston, Contracts, § 1865.)
Here we had simultaneously executed agreements for the same consideration providing the same performance and invoking the same parties. This supplemental lease was part of the consideration of the main lease and to buttress the original agreement. There was no discharge of the original agreement.
Plaintiff is entitled to an order of specific performance against both defendants. Therefore, the motion of defendant Teachers for summary judgment is denied and the cross motion of plaintiff for summary judgment for specific performance against all defendants is granted.