Edward S. Conway, J.
This is a motion brought by an order to show cause by the defendant New York State Teachers’ Retirement System, hereinafter referred to as “ Teachers’ ”, for an order canceling, vacating and setting aside the decision of May 19, 1973 (should be May 31, 1973) and the order signed June 21, 1973, based upon said decision of this court, and the judgment entered July 2,1973 in the above-entitled action (Bank of New York, Albany v. Hirschfeld, 74 Misc 2d 734).
It is the contention of the defendant Teachers ’ that the order herein requested by them should be granted on the ground of irregularity, both in law and in fact, and specifically as follows: (1) Contrary to the mandate of CPLR 5016 (subd. [c]) plaintiff obtained the order ex parte rather than upon motion duly made; (2) the order signed by this court on June 21, 1973 provided for money damages without any proof of the amount thereof appearing by affidavit and/or pleading in the moving papers and even the decision did not make provision for money, damages; (3) the order was based upon a decision which determined issues that were not before this court at the time of the arguments and submission for determination; (4) the order encompassed matters between the defendant Teachers’ and the defendant Hirschfeld herein which were not before the court at the time the decision herein was made and had no bearing and was beyond the jurisdiction of the court to determine; (5) the order' and judgment thereon as they now stand direct the Teachers’ to specifically perform the contract of letting which is beyond its power to perform as is does not own, nor have any control over, the land upon which the garage spaces to be utilized by the plaintiff are located and is therefore contrary to well established principles of law; oddly enough one of the leading cases in support of the proposition that specific performance will be decreed only where it is possible for the contract to be performed is an Albany, New York case (Saperstein v. Mechanics & Farmers Sav. Bank of Albany, 228 N. Y. 257, 260) holding “ the court will not grant a vain judgment ”; (6) the court does have jurisdiction of the defendant Hirschfeld, the defendant Hirschfeld does own the land upon which the garage spaces are located and the defendant Hirschfeld has made a valid and existing lease for those spaces with the plaintiff and this lease is enforceable by this court under a judgment directing specific performance; if specific performance may be directed by the court, then any determination by this court for money damages in lieu thereof is beyond its jurisdiction; (7) Teachers’, against whom this judgment has been entered, is an agency of the State of New York and as such any money judg *454 ment which is sought against it must be pleaded and proved in the State Court of Claims.
The plaintiff, the Bank of New York, Albany, hereinafter referred to as “ Bank ” admitted that it violated CP LB 5016 (subd. [c]) when it obtained the order ex parte rather than upon motion duly made. Defendant Teachers’ then obtained and entered an order of this court vacating the order and judgment.
The plaintiff, by order to show cause, then moved pursuant to CPLB 5016 (subd. [c]) for an order granting and issuing a proposed order and judgment.
The defendant Teachers’ then moved by notice of cross motion, for permission to reargue its motion and for an order changing the decision of this court dated May 31, 1973, in view of principles of law brought to the attention of the court since dismissing the complaint against it and granting judgment in its favor.
Defendant Teachers’ cross motion for reargument was granted. The reargument is primarily based upon defendant Teachers’ interpretation of the effect of the principle of law set forth in Saperstein v. Mechanics & Farmers Sav. Bank (228 N. Y. 257, supra) has upon the issues in this case.
It is defendant Teachers’ contention that since defendant Teachers’ did not and does not have ownership or any interest in the premises commonly known as 104r-110 State Street, Albany, New York, the premises in which the 10 garage spaces are located and for which the plaintiff seeks judgment ordering the defendant Teachers’ specifically to provide to the plaintiff, specific performance is impossible and cannot be ordered.
It is defendant Teachers’ further contention that 104-110 State Street is owned by defendant Hirschfeld and the court should direct performance by Hirschfeld only and not by defendant Teachers ’.
It is the opinion of this court that the Saperstein case merely stands for the proposition of law stated therein (p. 260) by the Court of Appeals to wit: “ The specific performance of a contract for the purchase of real estate may be decreed only where it is possible for the defendant to convey the land. If he has no title or has parted with the title after the execution of the contract the court will not grant a vain judgment ” (emphasis added).
Here, we have a situation where the defendants can jointly specifically perform the contract. The defendant Abraham Hirschfeld and defendant 112 State Street Operating Co., Inc., as lessee owners of 104-110 State Street, and defendant New *455 York State Teachers’ Retirement System, as lessee owner of 112 State Street and as successor in interest of the title of 112 State Street, subject to the lease in question, from its codefendants can now perform the contractual obligations of the lease. Therefore, a judgment of specific performance under the circumstances of this case, would not be a vain judgment.
In the original opinion, this court held that the plaintiff is entitled to an order of specific performance against all defendants ; therefore, the judgment cannot be in vain for all defendants have a duty to specifically perform the contract of supplying the plaintiff 10 parking spaces free of additional rent and they must settle their differences between themselves.
The relief requested by the plaintiff is therefore granted and the relief requested by the defendants is denied. The proposed judgment is therefore determined to be correct and approved as to form pursuant to CPLR 5016 (subd. [o]).