JOHN HOLDEN, Respondent, *v.* EFFICIENT CRAFTSMAN CORPORATION et al., Appellants.

Real property — specific performance — when written option to purchase real estate extended by verbal promise in consideration of services rendered by holder of option — when specific performance cannot be granted or damages made a lien on the land sold to another.

1. Where an option in writing to purchase land for a certain price within a specified time was given to plaintiff and before the expiration of that time defendant promised to extend the option if plaintiff would perform certain services for defendant, such promises being renewed from time to time, the time of extension not being definitely stated, but while the transactions in which plaintiff was aiding defendant were still in progress, defendant sold the land covered by the option, it cannot be held that the option had expired at the time of the sale. The plaintiff was induced to postpone tender by the repeated assurance that the option would be kept alive and the defendant became estopped to terminate the contract without reasonable notice that would put the plaintiff in default.

2. Where plaintiff, after the sale of the land by defendant, began this action for specific performance and if that relief be impossible, then for damages as a substitute, but without making the final purchaser a party, neither judgment for specific performance nor any form of relief affecting title or possession may be granted in his absence. The trial court held that specific performance would be inequitable but that plaintiff suffered damage amounting to a designated sum which should be made a lien on the land, and also adjudged that the plaintiff might hold possession until the payment of the lien, unless the defendants gave an undertaking to secure him against loss. This was erroneous. The lien for damages could not stand even if the purchaser was a party. The judgment does not give a

choice either to submit to the lien or to convey. The plaintiff received, not a money judgment against a seller in default, but a specific lien upon the land which is to follow it in the ownership of subsequent grantees. The judgment should be modified so as to provide that the plaintiff recover from the defendant the sum found by the trial court to be his damages.

*Holden* v. *Efficient Craftsman Corporation*, 200 App. Div. 870, modified.

(Argued December 13, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 1, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Stephen Holden* for appellants. The plaintiff had no valid and subsisting option at the commencement of this action. (*Codding* v. *Wamsley*, 1 Hun, 585; *Frank* v. *Stratford-Hancock*, 13 Wyo. 37; *Little* v. *Thurston*, 58 Me. 86; *Warren* v. *Richmond*, 53 Ill. 52; *Jurgensen* v. *Morris*, 194 App. Div. 92.)

*Walter G. C. Otto* for respondent. The continued negotiations of the parties operated to keep alive the option. (*Henion* v. *Bacon*, 100 App. Div. 99.)

CARDOZO, J. The action is for specific performance, and, if that relief be impossible, then for damages as a substitute.

Plaintiff was an officer of a corporation which had sold a tract of land to the defendant corporation. He had been given an option in writing, which was his personally, to buy back one of the lots for $500 above the mortgages upon it. The option was for ninety days, and expired by its terms in February, 1919. The defendant held the tract for the purpose of resale. As lots were sold from time to time, there was need, to effectuate the sales; of releasing a blanket mortgage to a propor-

tionate extent. The defendant's president asked the plaintiff to aid in procuring these releases and also in kindred matters, and promised in consideration of such aid that the option would be kept alive. The promise was renewed from time to time, the last promise of extension being in the fall of 1919. The term of extension was not definitely stated, but performance was not to be due till the close of the transactions in which the plaintiff's aid had been enlisted. In December, 1919, while those transactions were still in progress, the defendant corporation conveyed the lot in controversy, the subject-matter of the option, to the defendant Laura C. Phelan, the wife of its president, who then reconveyed it to the defendant Anna M. Kreuter, the sister and agent of the treasurer. Plaintiff learned of these conveyances on February 19, 1919. On February 28 he was notified by the grantee, Miss Kreuter, that the lot had been sold, and on March 10 the deed was made to the purchaser, one Oldrin. This action was begun on March 16. Oldrin is not a party. The court held that specific performance would be inequitable, but that plaintiff had suffered damage in the sum of $2,500 which should be made a lien on the land. It was also adjudged that the plaintiff might hold possession until the payment of the lien, unless the defendants gave an undertaking to secure him against loss.

The defendants insist that at the time of the conveyances the option had expired. We think their argument must fail. The plaintiff was induced to postpone tender by the repeated assurance that the option would be kept alive. We are not required to hold that the result was a new contract modifying by oral promise the terms of the written option. At least, the seller became estopped to terminate the contract without reasonable notice that would put the buyer in default (*Imperator Realty Co. Inc.*, v. *Tull*, 228 N. Y. 447; *Thomson* v. *Poor*, 147 N. Y. 402, 409).

The plaintiff having suffered a wrong, there remains the question of his remedy.

The action was not begun till the land had been sold to Oldrin, who is not before the court. Neither judgment for specific performance nor any form of relief affecting title or possession may be granted in his absence (*Saperstein* v. *Mechanics & Farmers Sav. Bank of Albany*, 228 N. Y. 257).

If Oldrin, however, were here, the lien for damages could not stand. The judgment does not give a choice either to submit to the lien or to convey. The plaintiff's right is unconditioned. He receives, not a money judgment against a seller in default, but a specific lien upon the land which is to follow it in the ownership of subsequent grantees. There is no authority for such relief. A vendee has a lien for payments made on account of the purchase price. To that extent, he has equitable rights or interests in the subject-matter of the contract analogous to those of ownership. The lien does not extend to the profits of the bargain (*Elterman* v. *Hyman*, 192 N. Y. 113; *Davis* v. *Rosenzweig Realty Co.*, 192 N. Y. 128).

We see no need for another trial. The complaint prays judgment in the alternative for specific performance or for damages (*Sternberger* v. *McGovern*, 56 N. Y. 12; *Saperstein* v. *M. & F. Sav. Bank, supra*, at p. 262). No demand was made by the defendants for a jury trial if the plaintiff failed to establish his right to the equitable remedy (*Cummings* v. *Bway.-94th St. Realty Co.*, 233 N. Y. 407, 412; *DiMenna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 395, 396; *Bradley & C. Co.* v. *Pacheteau*, 175 N. Y. 492). The case in all its aspects was submitted to the trial judge for the rendition of any judgment consistent with the facts.

The judgment of the Appellate Division and that of the Special Term should be modified by providing that the plaintiff recover the sum of $2,500 from the defendant

Efficient Craftsman Corporation and by striking out provisions for other relief, and as so modified affirmed, without costs in any court.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments modified, etc.