MONGAUP VALLEY COMPANY, INC., Appellant, *v.* NYAMCO ASSOCIATES, INC., Respondent.

Third Department, June 25, 1936.

*Ellsworth Baker*, for the appellant.

*John D. Lyons* [ *Nellie Childs Smith* of counsel], for the respondent.

HILL, P. J.   Appeal by the plaintiff from an order made under rule 113 of the Rules of Civil Practice, directing the entry of a summary judgment, and from the judgment dismissing plaintiff's complaint, with costs.   This action was brought for specific performance of an agreement and stipulation settling an action for the foreclosure of a mortgage.   A judgment of foreclosure and sale had been entered and an appeal therefrom taken.   In that action this defendant was plaintiff and this plaintiff the defendant.

The mortgage was in excess of $10,000.   The stipulation for settlement was made on December 28, 1933.   So far as it is material, it provides: " The owner [this plaintiff] agrees to pay to the mortgagee in full settlement of this action the sum of $4,100 as follows: $500 on the signing hereof, the receipt whereof is hereby acknowledged by the mortgagee; $500 on May 1, 1934, and $500 quarterly

thereafter until the entire balance of said $4,100 has been paid to the mortgagee. * * * In the event that the owner shall default in any of the payments agreed to be made hereunder (such default continuing for a period of ten days thereafter), the mortgagee shall have the right to forthwith advertise and sell the premises, the subject of this action, in all respects as though this stipulation had not been entered into, applying, however, any moneys received by it hereunder toward the reduction of the judgment herein." It was further agreed that the owner should withdraw its notice of appeal. It is pleaded that $3,000 of the total of $4,100 has been paid, and that prior to the commencement of this action the remaining $1,100, "with interest and with such expenses and disbursements as may have been occasioned by the default," had been offered by the plaintiff herein to defendant. Further, that the $500 required by the stipulation to be paid on December 28, 1933, was not paid until two and a half months later, and that three of the other five payments were accepted by the defendant more than ten days after the due date, the greatest delay being in connection with the payment due February 1, 1935, $200 of which was paid on March fifth and the balance of $300 on April first. The acceptance of these delayed payments by defendant is urged by the appellant as indicating both a waiver of strict performance as to the date of payment, and as a practical construction of the contract by the parties that time was not of the essence. The last payment of $500 was made on May 10, 1935. In October of that year the real property was advertised for sale under the mortgage foreclosure judgment.

A delinquent plaintiff may have specific performance if time is not of the essence of the agreement. A reasonable delay may be regarded as immaterial if the other party is not harmed and his position remains unchanged. He may have such damages as will reasonably compensate him in lieu of strict performance. (*Sapperstein* v. *Merchants & Farmers Savings Bank*, 228 N. Y. 257, 261; Restatement, Contracts, § 375, ¶ 3.) Specific performance will not be decreed if the failure has arisen from bad faith or unreasonable delay. (*Lese* v. *Lamprecht*, 196 N. Y. 32, 38; *Kahn* v. *Chapin*, 152 id. 305.) The manner in which time of performance has been treated by the parties themselves may be considered as showing whether they regarded strict performance as to time essential under the contract. If the obligee has received past due payments from time to time on account of the contract, this will support an inference " that neither party intended that a failure to perform the contract, according to its terms, at the time specified, should forfeit the right of the party failing, to have a specific performance. (*Harris*

v. *Troup*, 8 Paige, 423.) " (*Voorhees* v. *DeMeyer*, 2 Barb. 37, 49.)
The conduct of the parties may be such as to amount to a waiver
of the express language of the contract. (*French* v. *Row*, 77 Hun,
380.) " The remedy of specific performance is discretionary, and
to be given upon a consideration of all the circumstances before the
court, and where neither hardship nor injustice result to the defeated
party, a court of review will not interfere with a judgment which
requires its enforcement." (*Day* v. *Hunt*, 112 N. Y. 191, 195.)
The foregoing language was used in a case where the defendant
asserted that time was of the essence; that the property had advanced
in value and that performance would be detrimental to him by
depriving him of an opportunity to sell at an advanced price. The
opinion continues: " These objections cannot prevail. On the
contrary, the very fact that the plaintiff has not strictly performed
his part, and so is without remedy at law, is frequently a sufficient
reason for the interposition of courts of equity, where relief is given,
notwithstanding the lapse of time according to the actual merits
of the case."

This suit should not be decided summarily on affidavits under
rule 113, but after all of the circumstances have been proven before,
and considered by, the court. The plaintiff has paid $3,000 and
for an additional $1,100 the mortgage was to be satisfied. There
was default in the $500 payment required on August 1, 1935. The
advertisement under the foreclosure judgment was begun before
the second default. Before this action was commenced on Novem-
ber 30, 1935, the entire balance of $1,100 was tendered. If the
property sells for less than the foreclosure judgment (some $10,000)
plaintiff will receive no consideration for the money it has paid.
Defendant will be enriched thereby and still have all recourse to
the real estate that it originally had. Such a result seems inequi-
table. If defendant has suffered damage through the delay, the trial
court may determine the amount and make it a condition for
granting specific performance, if indeed under all the facts presented
upon the trial it should appear that plaintiff is entitled to such relief.

The summary judgment and the order therefor should be reversed
on the law and facts and a new trial granted, with costs to the
appellant to abide the event.

McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order for summary judgment and summary judgment reversed
on the law and facts and new trial granted, with costs to the appel-
lant to abide the event.