## (December 21, 1954.)

ANTHONY LUCIO, Respondent, *v.* JOSEPH CURRAN et al., Individually and as Officers of the National Maritime Union, et al., Appellants.

*Per Curiam.* There is no denial of the explicit facts set forth in the affidavits submitted on behalf of the appellants that the release originally tendered by plaintiff was a limited release and that the defendants in the Municipal Court action insisted upon a general release to cover all relations with the plaintiff. The cause of action now asserted was in existence at the time the general release was given, and the failure to make any answer to defendants' affidavits is most significant. Defendants are entitled to summary judgment.

Order appealed from reversed and motion granted. Settle order.

COHN, J. (dissenting). Plaintiff, a former member of the National Maritime Union, claims to have been unjustifiably expelled. He is now suing for reinstatement and for monetary damages for his wrongful expulsion, naming as defendants the union as well as six of its officers as conspirators, both in their official and individual capacities. Defendants have interposed by way of an affirmative defense as a complete bar to plaintiff's recovery, a general release executed by plaintiff in favor of the union and its treasurer, M. Hedley Stone. This release, however, was executed in connection with a then pending Municipal Court action wherein plaintiff sued the Union and its treasurer to recover $495 alleged to be the amount of salary, vacation and severance pay owed to him by the union. That action was settled for $225. It is upon this release that all defendants in this action have predicated their defense and moved at Special Term for summary judgment.

The Special Term in my view correctly decided that there was a sharp issue of fact as to whether the general release was intended to dispose of all claims of plaintiff or only of those involved in the Municipal Court action. Such an issue cannot be disposed of on the basis of the conflicting affidavits submitted, but must await a plenary trial. This court has held that whether a release is to be treated as a discharge of all possible claims depends upon the purpose for which the release is given. It would serve as a bar only to matters about which there had been some dispute. (*Simon* v. *Simon,* 274 App. Div. 447, 449, 451.) There exists here a substantial issue of fact as to the scope, intent and purpose of the release which can only be resolved upon a full trial.

Accordingly, I dissent and vote to affirm.

Peck, P. J., Dore, Breitel and Bastow, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellants, and the motion granted. Settle order on notice.