WILLIAM EVENGA et al., Respondents, *v.* MARGARET HERRICK et al., Appellants.

Third Department, December 20, 1956.

*Cohn & Daniels* for appellants.

*Frederick J. Vavra* for respondents.

FOSTER, P. J.   Defendants appeal from an order of the Supreme Court which denied their motion to vacate a notice of examination of the defendants before trial; for a summary judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action; and to strike out the names of William Evenga and Ann Welsch as parties plaintiff.

The action is one for specific performance to compel the defendants, who are real estate brokers, to convey to the plaintiffs certain real property located in Binghamton, New York. The complaint alleges that Ann Welsch, Helen McDonnell and Anna Evenga transferred to the defendants on July 13, 1951 the premises in question.  It also alleges that the parties entered into a written agreement whereby the defendants agreed to purchase the premises for $5,832, and then agreed to sell the property back to Anna Evenga " within one year @ $7,000.00 and to rent above property after closing for $80.00 per month until Mrs. Evenga purchases property ".   That on September 12, 1955, Anna Evenga died, apparently intestate, leaving the plaintiffs as her only distributees.   The complaint further alleges that on May 15, 1952, before the expiration of the one-year period to repurchase, Anna Evenga, for herself and as agent of Welsch and McDonnell, entered into an oral agreement with the defendants whereby the time to repurchase the property was extended from year to year in consideration of certain improvements that were to be made by herself, Welsch and McDonnell.   Thereafter the complaint says, the decedent, Welsch and McDonnell continued in possession and performed their part of the oral agreement by making certain specific improvements.   In October, 1955, about a month after Anna Evenga's death, defendants demanded the monthly rental of $80 from the plaintiffs or that they vacate the premises.   On

December 27, 1955 the plaintiffs in turn demanded that the defendants convey to them the property upon payment of $7,000 as called for by the written agreement, and this demand was refused.

Defendants' motion to dismiss the complaint on the ground it fails to state facts sufficient to constitute a cause of action, and that the Statute of Frauds is a bar to recovery on the contract as orally modified, was properly denied. Possession of the property and part performance of the oral contract, if established, is sufficient to take the matter out of the Statute of Frauds (*Miller* v. *Ball*, 64 N. Y. 286; *McKinley* v. *Hessen*, 202 N. Y. 24; *Harris* v. *Shorall*, 230 N. Y. 343; *Holden* v. *Efficient Craftsman Corp.*, 234 N. Y. 437).

The plaintiffs are proper parties to bring the action. Upon the death of Anna Evenga, her interest, if any, as purchaser under the contract passed as real property to her distributees. The heirs of a deceased purchaser are both necessary and proper parties to a suit against the vendor for the specific performance of a real estate agreement of purchase and sale (*Williams* v. *Kinney*, 43 Hun 1, affd. 118 N. Y. 679; *Palmer* v. *Morrison*, 104 N. Y. 132; 81 C. J. S., Specific Performance, § 118).

The allegation that plaintiff Ann Welsch cannot presently be found is not a compelling ground to drop her as a party in an action in which she is named as a proper party plaintiff.

The plaintiffs by notice sought to examine the defendants as to the alleged oral agreement and the making of the improvements claimed. The Special Term properly ruled that such an examination could be had. The fact that the plaintiff McDonnell disclaims a lack of knowledge as to the facts necessary to prove some of the elements of plaintiffs' cause of action is not a valid ground for summarily determining that her action is without merit. In fact such lack of knowledge is a strong supporting reason for examining the defendants before trial. In connection with this phase of the case it is unnecessary to determine at this stage whether decedent's alleged agency for her two daughters was invalid because not in writing.

We think however that defendants' motion for summary judgment against the plaintiff William Evenga should have been granted. It clearly appears that he executed a general release running to the defendants some 6 days after the summons in the action was issued. In the absence of some explanation by the plaintiff Evenga, and he has given none, this release should be taken at its face value and judgment granted in defendants' favor on the ground that the cause of action of this

plaintiff against them was released (*Kirchner* v. *New Home Sewing Mach. Co.*, 135 N. Y. 182; *Lucio* v. *Curran*, 284 App. Div. 1039, affd. 2 N Y 2d 157).

The order should be modified by reversing that part thereof which denied summary judgment against the plaintiff William Evenga, and granting the motion in that respect against him, and as so modified the order should be affirmed, without costs.

BERGAN, COON and GIBSON, JJ., concur.

Order modified by reversing that part which denied summary judgment against the plaintiff William Evenga, and the motion for summary judgment against him granted, and as so modified the order is affirmed, without costs.