■ CONCETTO SPUCHES et al., Appellants, v. ROYAL VIEW, INC., Respondent.— Motion by plaintiffs for reargument denied. On the court's own motion, its decision handed down March 13, 1961 (*ante*, p. 523), is amended to read as follows: In an action for specific performance of a contract by defendant to sell a parcel of land to plaintiffs and to erect a house thereon, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered June 20, 1960, upon the decision of the court after a nonjury trial, which: (a) confines their recovery to the sum of $1,795, consisting of their $1,500 down payment, an allowance of $200 for their attorney's fee, and $95 costs; and (b) fails to grant them specific performance. Judgment reversed on the law and the facts, with costs to plaintiff, and new trial ordered. A provision in the contract of September 20, 1958, for the benefit of the purchasers, rendered the contract void if the purchasers were not approved for a mortgage. The defendant undertook to get a commitment from a specific bank. Despite the outstanding contract and its unquestioned validity, the defendant deliberately made another deal with a dif-

ferent person for the purchase of the same house and lot, but for a higher price, by execution of a binder on December 21, 1958 and by execution of a formal contract on January 4, 1959. Thereafter, by letter dated January 7, 1959, the defendant informed plaintiffs that the contract between them was void because of denial by the bank of an application for the mortgage. The bank had not then denied the application; in fact, it did not receive the application for the mortgage from defendant until January 15, 1959. But even if the bank had denied the application, plaintiffs themselves were entitled to apply for a mortgage or to raise the money in any other way, provided only that defendant was paid on the closing day, June 30, 1959. Despite plaintiffs' protests that the bank had not declined, and despite plaintiffs' warning that they would protect their contractual rights, defendant went ahead with the construction of the dwelling, apparently in contemplation of its sale to the subsequent purchaser. Before completion of the dwelling and in May, 1959, plaintiffs filed their *lis pendens,* of which defendant had actual knowledge. This action was commenced on July 10, 1959. The doctrine of laches is inapplicable. There was no unreasonable delay by plaintiffs in the commencement of this action. Nor did defendant suffer any injury or prejudice by reason of any delay on the part of the plaintiffs in commencing this action, bearing in mind that the action was prompted by defendant's cynical disregard of plaintiffs' contractual rights, its flagrant breach of the contract between them and its false pretext for its attempted premature cancellation of such contract. We are, nevertheless, constrained to acquiesce in the trial court's failure to grant specific performance to plaintiffs. We are constrained to do so because, as indicated, the record discloses that defendant, after making the contract in suit with the plaintiffs, entered into a contract for the sale of the premises to the new purchasers: Leon Levine and Rose Levine, who presently are not parties to this action. In their absence, specific performance may not be decreed (*Saperstein* v. *Mechanics & Farmers Sav. Bank,* 228 N. Y. 257; *Holden* v. *Efficient Craftsman Corp.,* 234 N. Y. 437, 440; *Turi* v. *Marotta,* 281 App. Div. 804; *Sun Assets Corp.* v. *English Evangelical Lutheran Church,* 19 Misc 2d 187, 193, affd. 10 A D 2d 716). If they are made parties defendant, however, plaintiffs would become entitled to specific performance, provided it be found upon the new trial that they had knowledge of the existence of plaintiffs' contract and of plaintiffs' rights thereunder; and the new trial should embrace such issue. Prior to the new trial plaintiffs should apply to the Special Term for leave to join the subsequent contract vendees, Leon Levine and Rose Levine, as parties defendant. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.