■ GEORGE LITOFF et al., Respondents, v. ANN RUTEL et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal, by permission of the Appellate Term of the Supreme Court, from an order of said court, entered July 16, 1965, which: (a) reversed an order of the Civil Court of the City of New York, Kings County, entered March 15, 1965, granting defendants' motion for leave to serve a jury demand *nunc pro tunc*; and (b) denied said motion. Order of the Appellate Term reversed, without costs, and order of the Civil Court affirmed, without costs. In our opinion, the Civil Court of the City of New York is empowered to grant an application for leave to serve a jury demand *nunc pro tunc* (CPLR 4102; CCA, § 2102; *New York Investors* v. *Laurelton Homes*, 230 App. Div. 712). The amendment to subdivision (b) of section 1303 of the New York City Civil Court Act (L. 1963, ch. 567) did not remove such power from the Civil Court but merely removed the power of the court to direct a jury trial despite absence of a demand for a jury trial by the parties to the action. In our opinion, under the circumstances here presented, the exercise of the Civil Court's discretion in granting defendants' motion was not an abuse of its power. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ NORTHERN OPERATING CORP., Respondent, v. GEORGE ANOPOL, Appellant.— In an action for specific performance of a contract for the sale of certain real property and for damages, defendant appeals from so much of an order of the Supreme Court, Westchester County, entered in Rockland County July 26, 1965 which, upon reargument, adhered to the court's original determination denying defendant's motion (1) for summary judgment as to the first cause of action (for specific performance), and (2) in the alternative to cancel the notice of pendency of the action theretofore filed by the plaintiff. (The order directs cancellation of the notice upon the furnishing by defendant of an undertaking of $35,000.) Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Although upon the pleadings alone it would appear that summary judgment dismissing the cause of action for specific performance might be proper (*Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257; *Holden* v. *Efficient Craftsman Corp.*, 234 N. Y. 437, 440), amendments prior to trial may rectify deficiencies when the affidavits indicate triable issues (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Chatham Sec. Corp.* v. *Williston & Beane*, 16 A D 2d 764). Plaintiff should be afforded the opportunity to join the subsequent vendees as parties to the action, after which, if there be proof that they had notice of the prior contract and plaintiff's rights thereunder, the conveyances might be vacated and specific performance granted (*Spuches* v. *Royal View*, 13 A D 2d 815). These factual issues raised by the conflicting affidavits must await a determination following a speedy hearing (*Falk* v. *Goodman*, 7 N Y 2d 87, 91). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.