■ J. GILBERT MAURER, Respondent, v. ALBANY SAND & SUPPLY COMPANY, Appellant, et al., Defendants.— Appeal from a judgment of the County Court of Saratoga County, entered October 27, 1971, upon a verdict at a Trial Term in favor of plaintiff. On November 6, 1961 respondent, as buyer, obtained a written option covering two parcels of land owned by appellant for consideration of $500. The purchase price was stated as $4,500 with a period of acceptance up to February 10, 1962, but with an additional provision " it is hereby agreed by the owner to extend the option an additional 90 days for the same terms ". Appellant conveyed the two parcels to separate parties and, subsequently, respondent brought action against appellant, its president, and two individuals who purchased one of the parcels, alleging a conspiracy, fraud, and breach of the option contract. A motion for summary judgment was granted on behalf of the purchasers of one of the parcels but the order and judgment were reversed by this court (*Maurer* v. *Hynes*, 34 A D 2d 867). At the close of respondent's case, the court granted judgment dismissing the fraud and conspiracy cause of action against appellant and appellant's vendees, and all causes of action against the estate of appellant's former president and, after appellant's proof, submitted to the jury the breach of contract cause against appellant only, with the specific instruction that " a verdict for the plaintiff in this case as presented can only be that the plaintiff is entitled to have the defendant convey to him the two parcels of land listed in the option contract ". The jury returned a verdict in favor of respondent, the net result of which was that he was granted specific performance of a contract which was impossible for appellant to perform since title was conveyed to other vendees. Specific performance of a contract can only be decreed where it is possible for the defendant to convey the land (*Saperstein* v. *Mechanics & Farmers Sav. Bank of Albany*, 228 N. Y. 257, 260). A vain judgment resulted and cannot be upheld, notwithstanding the fact that respondent steadfastly endeavored (and still does) to preserve it. In such cases, once the court has jurisdiction over the parties, in lieu of specific performance, it can award damages to plaintiff (*Holden* v. *Efficient Craftsman Corp.*, 234 N. Y. 437, 440; *Sternberger* v. *McGovern*, 56 N. Y. 12, 20; *Bradley* v. *Aldrich*, 40 N. Y. 504, 512; *Mongaup Val. Co.* v. *Nyamco Assoc.*, 247 App. Div. 694, 696) or, if the subsequent vendees are in the action, the court could grant specific performance if they are not good faith purchasers (*Vesey Assoc.* v. *Levine*, 31 A D 2d 611; *Northern Operating Corp.* v. *Anopol*, 25 A D 2d 551; *Spuches* v. *Royal View*, 13 A D 2d 815, 816). Both alternatives were available in this case since damages were prayed for in the complaint (but no proof adduced) and the subsequent vendees as to one parcel were joined (Real Property Law, § 294, subd. 3). Judgment reversed, on the law and the facts, and a new trial as against Albany Sand & Gravel Company limited to the issue of damages ordered, in the interest of justice, with costs to abide the event. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.