■ RICHARD BARNUM et al., Respondents, v PAUL H. FRICKEY et al., Appellants.—Judgment unanimously modified, on the facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Both plaintiffs (the Barnums) and defendants (the Frickeys) claim they own the same parcel of real estate bordering Lake Ontario in the Town of Sodus. The subject property consists of a wooded lot and is improved by a two-story cottage. The Barnums claim they purchased the property in September 1980 pursuant to a contract with defendant Lee Sundsted. The Frickeys claim they purchased the property in March 1981 pursuant to a contract with the defendant Professional Placement Association, Inc. (Corporation), the record owner of the property. The Barnums sued Sundsted, the Corporation and the Frickeys seeking specific performance and damages for the loss of rent during the period the Frickeys were in possession. When Sundsted and the Corporation defaulted, the court severed the action against them and heard proof from the remaining litigants. The trial court awarded the Barnums specific performance and damages for loss of rental value. Only the Frickeys appeal.

We agree with the trial court that the Barnum contract is valid. Sundsted admitted that he was acting on behalf of the Corporation, of which he was president and chief executive officer, and as such he was an agent whose authority need not be in writing *(see, Scientific Holding Co. v Plessey Inc.,* 510 F2d 15, 21; *Flax v B. M. Dev. Corp.,* 35 AD2d 565, 566; *Hasenfratz v Berger Apts.,* 61 NYS2d 12). Defendants' reliance upon *Holm v C.M.P. Sheet Metal* (89 AD2d 229, 232) is misplaced because there, unlike here, the record was silent as to the corporate structure and the corporate officer did not admit that he was using a lease on behalf of the corporation. We note that defendants Sundsted, the Corporation, and the Frickeys waived the affirmative defense of the Statute of Frauds (General Obligations Law § 5-703 [2]) by not pleading it *(see,* CPLR 3018 [b]; *Schaffer Stores Co. v Grand Union Co.,* 84 AD2d 614, *appeal dismissed* 56 NY2d 570; *Chester Natl. Bank v Rondout Mar.,* 46 AD2d 985, 986). The Corporation ratified the Barnum contract, in any event, by permitting Sundsted to give the Barnums the keys to the cottage as well as a redated abstract, a proposed deed, and a tape location map.

We also agree with the trial court that the Frickeys were not bona fide purchasers for value because they knew, or should have known, of the existence of the Barnum contract at the time they entered their contract with the Corporation. Thus, the court properly awarded specific performance against the Frickeys, who were parties to the original action (see, 62 NY Jur, Vendor and Purchaser, § 188; *Lo Biondo v D'Auria,* 45 AD2d 735, 737; *Maurer v Albany Sand & Supply Co.,* 40 AD2d 883; *Vesey Assoc. v Levine,* 31 AD2d 611; *Northern Operating Corp. v Anopol,* 25 AD2d 551; *Spuches v Royal View,* 13 AD2d 815, 816).

The trial court was authorized to amend its original decision and award damages in addition to specific performance (see, CPLR 4404 [b]; Ann., 7 ALR2d 1204, 1211, § 4) and the record supports the court's finding that $400 per month was the fair rental value of the property. We modify the award, however, to include only the summer months (June 1st-Sept. 30th) since the cottage was not winterized and the furnace did not work during the period in question. Otherwise, the judgment is affirmed in all respects. (Appeal from judgment of Supreme Court, Wayne County, Conway, J.—specific performance.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.