OPINION OF THE COURT
Edward J. Greenfield, J.
Unlike the situation in motion No. 48, where plaintiff Herskowitz is suing different owners on nearby premises, this action for specific performance or damages with respect to property at 508 West 172nd Street is vigorously contested by the present owner of the property. Both plaintiff and the present owner have moved for judgment.
The facts that can be elicited from the documents and records are these: In 1985 the record owner of the premises at 508 West 172nd St. was the 508 West 172nd Street Realty Corp. (hereinafter referred to for purposes of clarity as 172 St. Realty). Its president was Moisés Ramirez. On September 4, 1985 it contracted to sell the property to Crown Realty Investors, Ltd. for $161,000. The contract fixed the closing date for November 30, 1985, but time was not made of the essence. The closing was apparently adjourned. On January 6, 1986 Crown Realty assigned its rights to purchase under the contract for $12,500 to plaintiff Robert Herskowitz. No new closing date was agreed on. On March 27, 1986 Beltre, as attorney for the vendor, was asked to set a new closing date. He refused, asserting the premises were no longer for sale.
172 St. Realty had conveyed title to the premises to Miriam Velazquez by a deed dated February 5, 1986. She recorded the title under her name on March 28, 1986. Thereafter, on April 9, 1986 Herskowitz brought an action for specific performance only as against 172 St. Realty (index No. 7817/86), and in connection therewith filed a notice of pendency. Velazquez was not named. That action has remained dormant to this day.
On December 1, 1987 Velazquez conveyed the premises to the 508 West 172nd Street Corp. (which is referred to hereinafter for purposes of clarity as the 508 Corp.), the principal of *187 which is one Donald Tobias. Although the corporate names are similar, the principals of 508 Corp. appear to be wholly unrelated to anyone connected with 508 West 172nd Street Realty Corp. The purchase price was $230,000. 508 Corp.’s deed was recorded December 18, 1987.
Thirteen months later, and over three years after the original closing date, Herskowitz started this action against the original owner (172 St. Realty), its president (Ramirez), its attorney (Beltre), the intermediate owner (Velazquez), and the present owner (508 Corp.). The complaint seeks injunctive relief, specific performance, damages for breach of contract, and punitive damages.
The action was commenced by substituted service on the individual defendants (although it is stated defendant Velazquez was never served), and service on the defendant corporations via the Secretary of State. Simultaneously, plaintiff Herskowitz brought on an order to show cause returnable January 24, 1989 seeking a preliminary injunction to freeze the status quo and prevent further transfers or encumbrances pending the outcome of the action. There appearing to be no opposition on the return day, the motion for preliminary injunction was granted by default, and the order signed January 26, 1989.
Defendants 172 St. Realty, Ramirez and Beltre have failed to file verified answers as required. (CPLR 3022.) Plaintiff has moved for a default judgment against them, which they have not opposed. Since they no longer own or control the property, they cannot be compelled to give specific performance. (Maurer v Albany Sand & Supply Co., 40 AD2d 883.) However, plaintiff may proceed to an inquest or assessment of damages as against them.
Defendant 508 Corp., which appeared and interposed an answer March 7, 1989, cross-moves to vacate the preliminary injunction, and further moves for summary judgment dismissing the complaint as against it.
The cross motion to vacate the preliminary injunction is granted. The order to show cause issued by this court explicitly directed that the order and accompanying papers be personally served on or before January 16, 1989, and the language calling for service "in accordance with CPLR and the BCL”, suggested by plaintiff, was stricken. However, in contravention of the order of the court, plaintiff failed to comply and make personal service, nor did he ever make *188 application for a modification of the order. The papers were served on the Secretary of State and not transmitted to 508 Corp. until well after the motion was submitted. Hence the injunction order is vacated. (CPLR 5015 [a]; cf., CPLR 317 [under which a party need not even show a reasonable excuse for delay if no personal service has been made, and application to open a defaulted action is made within one year]; Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141.)
That brings us to the merits of 508 Corp.’s motion for summary judgment. It contends that it had no direct relationship with the plaintiff, contractual or otherwise, and hence has no legal obligations to it. Plaintiff’s complaint essentially is that 172 St. Realty breached its contract, and then fraudulently conveyed to Velazquez to avoid the possibility of having its contract subject to specific performance. 172 St. Realty originally had taken the position that the contract had been abandoned, so that it was free to convey to another. It has now defaulted.
Assuming plaintiff’s contentions to be true — that the contract was not abandoned, that the transfer to Velazquez was made to avoid 172 St. Realty’s obligations and that there were indicia of fraud, how does that affect the rights of the 508 Corp.?
It appears that plaintiff’s contract of sale was unrecorded. Hence, pursuant to Real Property Law § 294 (3), it was an executory contract void against any subsequent purchaser of the property who acquired the property from the same vendor, his distributees or devisees, provided the subsequent purchaser’s acquisition was in good faith and for a valuable consideration. Clearly, 508 Corp. purchased the property for a valuable consideration, and it claims to have acquired it in good faith from Velazquez.
The question is whether any facts came to the attention of the 508 Corp. which would put it on notice as to the prior contract for sale of the premises to Herskowitz, or which would indicate that Velazquez did not have a good title to convey. Plaintiff’s contention is that it had filed a lis pendens before 508 Corp. made its purchase, so that 508 Corp. was on notice of his interest, and could not be considered a purchaser in good faith. (Cf., Morrocoy Marina v Altengarten, 120 AD2d 500.) The notice of pendency or lis pendens gives constructive notice to prospective purchasers of the existence of a pending action affecting the premises. CPLR 6501, which provides for *189 the notice of pendency, makes it effective only against one who purchased from the defendant who is named in the notice. The subsequent purchaser is bound by all proceedings taken in the action to the same extent as if he were a party.
In this case, plaintiff brought an action for specific performance only against 172 St. Realty. At the time that he did so, 172 St. Realty was no longer the owner of the property. That action made no reference to a claimed fraudulent conveyance to Velazquez. After the filing of the notice, plaintiff took no further steps with respect to the action. It is not clear that the summons in that case was properly served, as the file (index No. 7817/86) contains no proof of service. It is possible, therefore, that the effectiveness of the notice expired within 30 days. (CPLR 6512.)
In any event, defendant 508 Corp., in purchasing the property from Velazquez, was not on notice that any lis pendens had been filed against her, and CPLR 6501 makes it plain that constructive notice is given to the purchaser only as to the defendant named in the notice. The purchaser may be put on notice of all proceedings taken in the action against 172 St. Realty, but there were no proceedings taken in that action, just the assertion of a claim. Plaintiff argues that even though title to the premises may actually have been in the name of Velazquez at the time he filed his notice of pendency, the "real owner” was 172 St. Realty, and therefore its notice was effective. However, the conveyance by 172 St. Realty to Velazquez had never been invalidated or declared fraudulent. Plaintiff claims the conveyance was obviously a sham — the recited consideration was nominal, Beltre appeared as the attorney for both sides, and there are indications that Velazquez was married to or may have been living with Ramirez, the president of 172 St. Realty. These facts were not known to 508 Corp., however. It dealt with the record owner. There was no action pending at the time of the purchase which questioned the validity of Velazquez’ title, nor was there any fact presented to 508 Corp. which would put on it the duty of making further inquiry. Unlike the situation in the companion case of Herskowitz v Ramirez Realty Corp. (motion No. 48), where the property was conveyed to the present owner after a lis pendens had been filed against the grantor, nothing was on file against Velazquez.
Because "plaintiff believes” that Velazquez was a fraudulent transferee does not mean that the 508 Corp. knew it. The deed to Velazquez does not become null and void, as plaintiff *190 asserts, because plaintiff believes the transfer was a sham. No court has ever so declared. The title of Velazquez may have been voidable, but until voided it could be conveyed to a bona fide purchaser. Plaintiff has not acted with diligence, and slept on his rights.
Plaintiff raises no genuine issues with respect to the status of 508 Corp. as a bona fide purchaser. While much is said about an alleged forged document — a cancellation of the notice of pendency which purports to bear the signature and notary stamp of plaintiff’s attorney, the authenticity of which he denies, there is no evidence linking the 508 Corp. to this claimed forgery. 508 Corp., after it acquired title, had neither need nor reason to procure a cancellation of a notice that ran only against 172 St. Realty. The attempted cancellation of that notice, by whatever party, would not affect the right to title already acquired by conveyance.
On the basis of the foregoing, the court concludes on the undisputed record facts that 508 Corp. was a bona fide purchaser for value and is the present titleholder of the premises. Defendant 508 Corp. is therefore entitled to dismissal of the complaint as against it. Whatever rights plaintiff Herskowitz may have for breach of contract or fraudulent conveyance run against the other defendants. In view of the dismissal of the complaint as against 508 Corp., the third-party complaint by 508 Corp. is likewise dismissed as moot.