■ ULYSSES I & COMPANY, INC., Appellant, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK et al., Respondents. [766 NYS2d 37] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered August 12, 2002, which dismissed the complaint in its entirety, unanimously modified, on the law, to the extent of declaring that plaintiff's contract claim is not covered under the title policy, and otherwise affirmed, with one bill of costs to defendants. Appeal from order, same court and Justice, entered on or about July 31, 2002, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The documentary evidence conclusively establishes that plaintiff was not a good faith purchaser for value because it acquired the subject premises with full knowledge of a prior unrecorded contract to purchase the same property (Real Property Law § 294 [3]; *Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [1997]). Any issues with respect to the primacy of the prior contract have been judicially resolved against plaintiff (*Feldstein v Rounick*, 276 AD2d 523 [2000], *lv denied* 96 NY2d 707 [2001]). Given its contractual relationship with defendant First American Title Insurance Company, the basis for plaintiff's first cause of action sounding in tort is unclear. "Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]). In any event, whether defendant title insurance company timely recorded the deed from Rounick to plaintiff is immaterial to plaintiff's status as good faith purchaser for value and, thus, the asserted malfeasance forms no basis for a cause of action sounding in either contract or tort. In addition, the sale from Rounick to plaintiff has been rescinded, restoring the status quo ante, and therefore plaintiff is unable to establish any actual loss so as to sustain an action in negligence (*Mizrahi v Taic*, 266 AD2d 59, 59-60 [1999]; *IGEN, Inc. v White*, 250 AD2d 463, 465 [1998], *lv denied* 92 NY2d 818 [1998]).

With regard to plaintiff's second cause of action for a declaratory judgment, the motion court properly concluded that plaintiff's loss was not covered under paragraph 7 (d) of the title policy. This so-called "gap provision" merely provides coverage for events insured against during the period prior to

the recording of the deed; it does not extend coverage to matters excluded by express limitations contained elsewhere in the same provision. While this issue was appropriately resolved in favor of defendants, judgment should have been entered declaring that plaintiff is not entitled to coverage for the cause of action predicated on the title policy (*see Stahlbrodt v Commissioner of Taxation & Fin.*, 92 NY2d 646, 652 [1998]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.