■ Enrico Ferdico et al., Appellants-Respondents, v Joel Zweig et al., Respondents-Appellants, et al., Defendant. [865 NYS2d 294]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Joel Zweig appeals, and the defendants Brian Mullen and Marybeth Mullen separately appeal, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated July 9, 2007, as denied their motions for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as denied those branches of their cross motion which were for summary judgment vacating the deed conveying the property to the defendants Brian Mullen and Marybeth Mullen and directing specific performance of the plaintiffs' contract of sale.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the plaintiffs' cross motion which were for summary judgment vacating the deed conveying the property to the defendants Brian Mullen and Marybeth Mullen and directing specific performance of their contract of sale are granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant Morris Zweig, after entering into a contract

for the sale of certain real property to the plaintiffs, conveyed title to the same property to the defendants Brian Mullen and Marybeth Mullen for a higher price. During the negotiations, the defendant Morris Zweig was represented by his son, the defendant Joel Zweig, an attorney. The plaintiffs then brought this action against, inter alia, the defendant seller and the defendants who purchased the property, seeking, among other relief, specific performance. The conveyance could be vacated and specific performance granted only if the defendant purchasers were not bona fide purchasers for value, that is, if they knew or should have known of the existence of the plaintiffs' contract (*see Duffy v O'Donovan*, 46 NY 223 [1871]; *Barnum v Frickey*, 115 AD2d 977, 978 [1985]; *Lo Biondo v D'Auria*, 45 AD2d 735, 737 [1974]; *Maurer v Albany Sand & Supply Co.*, 40 AD2d 883 [1972]; *Northern Operating Corp. v Anopol*, 25 AD2d 551 [1966]; *Spuches v Royal View*, 13 AD2d 815 [1961]).

The defendant purchasers were not good faith purchasers for value because they knew, or should have known, of the existence of the plaintiffs' prior unrecorded contract (*see Ulysses I & Co. v First Am. Tit. Ins. Co. of N.Y.*, 309 AD2d 643 [2003]). Further, the seller's "bare representation" that the prior contract was cancelled could not be relied upon by the purchaser without further inquiry (*see Nagavi v Newcomb*, 305 AD2d 904 [2003]; *Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708 [1997]). Thus, the deed transferring the subject premises to the defendant purchasers must be vacated and specific performance of the plaintiffs' contract of sale awarded.

The parties' remaining contentions are without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.