■ XIAO YUAN et al., Respondents, v LI DAN ZHANG et al., Appellants. [871 NYS2d 720]—

In an action, inter alia, for specific performance of a contract for the purchase of real property dated February 1, 2007, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated April 21, 2008, as denied that branch of their motion which was for summary judgment dismissing the first cause of action for specific performance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the first cause of action for specific performance is granted.

As a general rule, "[t]he specific performance of a contract for the purchase of real estate may be decreed only where it is possible for the defendant to convey the land" (*Saperstein v Mechanics & Farmers Sav. Bank of Albany,* 228 NY 257, 260 [1920]). The complaint in this case contains no request for an award of money damages based on the defendants' alleged breach of the contract dated February 1, 2007 and the plaintiffs never joined the subsequent vendees of the property as additional defendants; those subsequent vendees are the current owners of the property, having taken title from the plaintiffs by virtue of a deed dated June 22, 2007.

The remedy of specific performance is thus an impossible one in the circumstances of this case, where the only named defendants have parted with title to the subject property (*see e.g. Saperstein v Mechanics & Farmers Sav. Bank of Albany,* 228 NY 257 [1920]; *2386 Creston Avenue Realty, LLC v M-P-M Mgt. Corp.,* 58 AD3d 158 [2008]; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.,* 175 AD2d 595 [1991]; *Maurer v Albany*

*Sand & Supply Co.*, 40 AD2d 883 [1972]; *Spuches v Royal View,* 13 AD2d 815 [1961]; 91 NY Jur 2d, Real Property Sales and Exchanges § 257; *cf. Lo Biondo v D'Auria,* 45 AD2d 735 [1974]).

Accordingly, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the first cause of action for specific performance. In opposition, the plaintiffs failed to raise a triable issue of fact. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.