Raviv Group, LLC v Scott (2020 NY Slip Op 05246)





Raviv Group, LLC v Scott


2020 NY Slip Op 05246


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09617
 (Index No. 11678/13)

[*1]Raviv Group, LLC, appellant,
v
Denise Scott, respondent.


Goldberg Weg & Markus PLLC, New York, NY (Steven A. Weg of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 30, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint, granted the defendant's cross motion for summary judgment dismissing the complaint, denied, as academic, the plaintiff's separate motion to extend the notice of pendency, and granted that branch of the defendant's separate cross motion which was to cancel the notice of pendency.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2013, the plaintiff commenced this action, inter alia, for specific performance of a contract to purchase certain real property from the defendant. Thereafter, the plaintiff moved to extend a notice of pendency filed against the subject property, and separately moved for summary judgment on the complaint. The defendant cross-moved, among other things, to cancel the notice of pendency, and separately cross-moved for summary judgment dismissing the complaint. In a supporting affidavit, the defendant averred that the property had been owned by her father, that she and her sister both acquired an ownership interest in the property when their father died without a will, and that at the time the subject contract was signed, she was under the "mistaken impression" that she had the authority to sell the property as administrator of her father's estate. The defendant also submitted evidence that she had been appointed as voluntary administrator of her father's estate pursuant to article 13 of the Surrogate's Court Procedure Act. In an order dated June 30, 2017, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the complaint, granted the defendant's cross motion for summary judgment dismissing the complaint, denied, as academic, the plaintiff's separate motion to extend the notice of pendency, and granted that branch of the defendant's separate cross motion which was to cancel the notice of pendency. The plaintiff appeals.
"As a general rule, '[t]he specific performance of a contract for the purchase of real estate may be decreed only where it is possible for the defendant to convey the land'" (Xiao Yuan v Li Dan Zhang, 58 AD3d 723, 723, quoting Saperstein v Mechanics & Farmers Sav. Bank of Albany, 228 NY 257, 260). Here, the defendant established, prima facie, that it was not possible for her to comply with the subject contract by transferring title to the property, "free of all [*2]encumbrances" (see Xiao Yuan v Li Dan Zhang, 58 AD3d at 723), since she did not have a 100% ownership interest in the property and did not possess the authority as a voluntary administrator to transfer the property (see SCPA 1302). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion for summary judgment dismissing the complaint and to deny the plaintiff's motion for summary judgment on the complaint.
Since the defendant was entitled to summary judgment dismissing the complaint, we also agree with the Supreme Court's determination to grant that branch of the defendant's cross motion which was to cancel the notice of pendency and to deny, as academic, the plaintiff's motion to extend the notice of pendency (see CPLR 6514[a]; Citibank, N.A. v Herman, 125 AD3d 587, 589; Freidus v Sardelli, 192 AD2d 578, 580).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court