■ M & A Motors, Inc., Respondent, v Disco Realty, Inc., et al., Appellants. [806 NYS2d 244]—

In an action for specific performance of a right of first refusal to purchase real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 14, 2004, which denied their motion for summary judgment and for an award of costs, sanctions, and an attorney's fee pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is dismissed.

The plaintiff leased the subject property from the defendants. Pursuant to the terms of an extension of the lease, the plaintiff was granted "the right of first refusal to purchase the premises in the event that the same are offered for sale."

On or about April 9, 2002, the defendants received an offer from a third party to purchase the subject property for the sum of $2,000,000 contingent upon execution of a "mutually acceptable Contract of Sale, based on commercially reasonable terms," a closing date "on or about 90 days from the date of execution of the Contract of Sale," and "completion of a satisfactory Phase I environmental inspection."

By letter dated April 30, 2002, the plaintiff stated that it

desired to exercise its right of first refusal "subject to the receipt and acceptance of a Contract of Sale containing commercially reasonable terms and conditions." On or about May 7, 2002, the defendants forwarded to the plaintiff a proposed contract of sale which was never executed by the plaintiff. The plaintiff acknowledged that the attorneys for the parties were negotiating terms relating to financing and a closing date and there was no agreement between the parties "on these other 'incidentals.' " By letter dated June 17, 2002, the defendants advised the plaintiff that they were no longer interested in selling the property.

Thereafter, the plaintiff commenced this action for specific performance. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to execute a contract of sale and for an award of costs, sanctions, and an attorney's fee pursuant to 22 NYCRR 130-1.1 for prosecuting an allegedly frivolous action. The Supreme Court denied the motion, finding that there were issues of fact "as to whether the plaintiff failed to match the third-party offer by requesting changes to the contract terms."

The general rule is that "a right of first refusal . . . does not 'give its holder the power to compel an unwilling owner to sell; it merely requires the owner, when and if he [or she] decides to sell, to offer the property first to the party holding the preemptive right so that he [or she] may meet a third-party offer or buy the property at some other price set by a previously stipulated method' " (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 56 [1989], quoting *Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 163 [1986]; *see Yudell Trust I v API Westchester Assoc.*, 227 AD2d 471, 472 [1996]). Contrary to the plaintiff's contention, a right of first refusal does not give a party a right to purchase the property on any terms so long as the price offered by the third party is met (*see Bright Beginnings Day Care, Inc. v Driftwood Day Camp, Inc.*, 16 AD3d 449 [2005]).

"[S]omeone who holds a right of first refusal may create a 'binding contract' with the grantor by exercising the right before the third-party contract expires" (*Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 59 [2003], citing *Yudell Trust I v API Westchester Assoc., supra* at 473). However, in the instant case, there was no third-party contract. The plaintiff acknowledged that there were issues open for future negotiation at the time the defendants decided not to sell the property. Accordingly the plaintiff's purported acceptance was unenforceable (*see Bright Beginnings Day Care, Inc. v Driftwood Day Camp,*

*Inc., supra*). There are no issues of fact which would warrant the denial of summary judgment.

However, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the motion which was for an award of costs, sanctions, and an attorney's fee (*see Leonard v Reinhardt*, 20 AD3d 510 [2005]). Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.