■ ENDA FINLAY, Appellant, v GENE HUBER et al., Respondents, et al., Defendants. [851 NYS2d 607]—

In an action, inter alia, for specific performance of a right of first refusal contained in a lease, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 25, 2006, as denied his motion for summary judgment on his first cause of action and granted that branch of the cross motion of the defendants Gene Huber and Charles Lanigan which was for summary judgment dismissing the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"A right of first refusal is a right to receive an offer, and the grantor's failure or refusal to extend the holder the opportunity to exercise the right constitutes a breach" (*Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 60 [2003]). Further, "a right of first refusal . . . does not give its holder the power to compel an unwilling owner to sell; it merely requires the owner, when and if he [or she] decides to sell, to offer the property first to the party holding the preemptive right so that he [or she] may meet a third-party offer or buy the property at some other price set by a previously stipulated method" (*M & A Motors, Inc. v Disco Realty, Inc.*, 24 AD3d 519, 520 [2005]). Here, the plaintiff's lease required that he be given the right of first refusal in the event of a sale of the property. Prior to the prospective sale, the defendant landlords notified the plaintiff of the sale, including its specific terms, and extended to the plaintiff the opportunity to exercise his right of first refusal. Thus, they complied with the lease provision and there is no triable issue of fact.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment, and properly granted that branch of the cross motion of the defendant landlords which was for summary judgment dismissing the first cause of action insofar as asserted against them. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.