■ SEAFOOD HOUSE, INC., Appellant, v ANH PHAM et al., Respondents. [875 NYS2d 902]—

In an action, inter alia, for specific performance of a right of first refusal contained in a lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Dabiri, J.), dated April 1, 2008, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]) and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*id.* at 499 [internal quotation marks omitted]; *see Perfect Crown Vic, Inc. v Douce Hacking Corp.,* 56 AD3d 448 [2008]).

We find no reason to disturb the Supreme Court's finding that the defendants David Kong and Lup S. Kong made a reasonable inquiry into the rights of the plaintiff under the commercial lease and, under the facts, reasonably relied on the purported waiver letter as evidence that the plaintiff had been afforded its contractual right of first refusal (*see Finlay v Huber,* 47 AD3d 883 [2008]; *cf. Ferdico v Zweig,* 55 AD3d 537, 538 [2008]; *Fischer v Sadov Realty Corp.,* 34 AD3d 630, 631 [2006]; *Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708, 709 [1997]; *see generally Nicastro v Park,* 113 AD2d 129, 134 [1985]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.