■ STRATUS SERVICES GROUP, INC., Plaintiff, v KASH 'N GOLD, LTD., Defendant. (Action No. 1.) AMERICAN HOME ASSURANCE COMPANY, as Subrogee of Kash 'N Gold, Ltd., Appellant, v STRATUS SERVICES GROUP, INC., Respondent. (Action No. 2.) [935 NYS2d 302]—

The defendant in action No. 1, Kash 'N Gold, Ltd. (hereinafter KNG), a wholesale retailer, entered into an agreement with the plaintiff in that action, Stratus Services Group, Inc. (hereinafter Stratus), an employment agency, pursuant to which Stratus agreed to provide temporary workers to staff KNG's warehouse. Pursuant to those parties' contract, Stratus agreed to perform candidate screening and to obtain criminal record releases from all candidates. However, no such criminal

background checks were undertaken. Following a burglary of KNG's warehouse, a private investigation firm hired by KNG determined that three of the temporary employees provided by Stratus were responsible for the burglary. One of those employees, Danny Rojas, the apparent "ringleader" of the burglary, had a criminal record, which included felony convictions.

KNG received compensation for its losses resulting from the burglary from its insurer, American Home Assurance Company (hereinafter American Home). Subsequently, American Home, as subrogee of KNG, commenced action No. 2 against Stratus alleging, inter alia, that Stratus breached its contract with KNG, which resulted in American Home's damages. After a nonjury trial, the Supreme Court determined that although Stratus breached the terms of the subject contract by failing to investigate the criminal histories of the temporary workers, that breach was not a proximate cause of the damages sustained by KNG and American Home.

"Upon review of a determination rendered after a nonjury trial, this Court's authority 'is as broad as that of the trial court,' and this Court may 'render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Air Stream Corp. v 3300 Lawson Corp.*, 84 AD3d 987, 988-989 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Seafood House, Inc. v Pham*, 61 AD3d 663 [2009]).

The evidence established that Stratus breached its contract with KNG by failing to conduct background checks of the employees, as required by the parties' agreement. Moreover, contrary to the Supreme Court's determination, the evidence demonstrated that this breach was a proximate cause of the damages incurred by KNG. Accordingly, in action No. 2 the Supreme Court should have awarded American Home, as subrogee of KNG, judgment against Stratus in the principal sum of $241,251.71 on the cause of action alleging breach of contract. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.