*673 Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered July 30, 2010, which, in an action seeking damages arising out of a warehouse fire, denied plaintiff owners’ motion for summary judgment on their first cause of action for breach of the parties’ lease against defendant tenant D’Agostino Supermarkets, Inc., unanimously affirmed, without costs.
In their first cause of action, plaintiffs alleged that D’Agostino breached the parties’ lease by failing to maintain the fire alarm and sprinkler systems, and that such failure resulted in damage to the subject premises. Contrary to the motion court’s finding, plaintiffs’ nondelegable duties with regard to the premises did not preclude the grant of summary judgment, because D’Agostino contractually assumed full responsibility for maintaining the sprinkler system (see Mas v Two Bridges Assoc., 75 NY2d 680, 687-688 [1990]). Nevertheless, we affirm the motion court’s denial of summary judgment for reasons other than those stated by the motion court. We disagree with the motion court’s finding that there is an issue of fact as to whether the sprinkler was properly functioning on the date of the fire. D’Agostino entered into a contract with Allstate to perform sprinkler inspection services on a monthly basis as per local fire department codes. A fire occurred at the premises on June 6, 2005 and the fire department report shows that the sprinkler valve was turned off. The record shows that Allstate’s inspector last gained access to the premises in November 2004, when he found the sprinkler system shut off. Between January 2003 and June 2005, Allstate was only able to gain access to the premises on six of the many occasions it attempted to do so. On each of those six occasions, the sprinkler system was shut off.
D’Agostino argues that the fire inspector testified that he found the valve to be in a closed position the day after the fire, and that there is no proof in the record that the valve was closed before the fire. However, given the record evidence that the valve was consistently closed during the inspections and was closed the day after the fire, contrasted with the total lack of proof by D’Agostino that the sprinkler system was operational on the date of the fire, D’Agostino’s speculation that the valve may have been open the day of the fire and turned off either by the firefighters or other individuals, is insufficient to raise a triable issue of fact as to whether the sprinkler valve was closed on the day of the fire.
Yet, plaintiffs should be denied summary judgment on the basis of their failure to offer any proof as to causation of dam *674 ages — i.e., that an operative sprinkler system would have put out the fire or mitigated the fire damage (see generally Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205, 209 [1886] [“One who violates his contract with another is liable for all the direct and proximate damages which may result from the violation”]; see also Stratus Servs. Group, Inc. v Kash ‘N Gold, Ltd., 90 AD3d 641 [2011]; Jorgensen v Century 21 Real Estate Corp., 217 AD2d 533 [1995]; NY PJI 4:20, Comment [plaintiff must establish a causal relationship between breach of contract and damages]).* Concur — Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.

 We note that while an expert’s affidavit stating that an operational sprinkler system would have contained the fire was submitted by the Charter Oak Fire Insurance Company, plaintiff in action No. 4, in opposition to a separate motion by Allstate Sprinkler for summary judgment dismissing all claims against it in all six actions, that affidavit was not tendered by plaintiff nor incorporated by reference in the present motion, and was not addressed by either the parties or the motion court (the separate summary judgment motions were not consolidated for disposition and were decided on different dates). Thus, the expert’s affidavit is not part of the record for this appeal by the Ackerman plaintiffs and has not been considered.